**LAUREL COAL COMPANY, Plaintiff,**

v.

**WALTER E. HELLER & CO., INC., Defendant.**

Civ. A. No. 82–285.

United States District Court,
W. D. Pennsylvania.

May 7, 1982.

R. A. Kovach, Latrobe, Pa., for plaintiff.

Henry H. Wallace, Wallace, Chapas & Gravina, Pittsburgh, Pa., for defendant.

OPINION

TEITELBAUM, District Judge.

Defendant has filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12 of the Federal Rules of Civil Procedure. This diversity action arises out of the events surrounding the repossession of a bulldozer by defendant. Plaintiff, Laurel Coal Co., was admittedly an obligor under a promissory note held by defendant Walter E. Heller & Co., Inc. The collateral for the note was a bulldozer. Upon plaintiff's alleged default and failure to tender full payment of the note as demanded defendant repossessed the bulldozer which was located on plaintiff's premises. After a series of events which culminated in plaintiff's tendering full payment and costs to defendant and regaining possession of the bulldozer, plaintiff initiated the instant action alleging defendant's self-help repossession unlawful as violative of 13 Pa.Cons.Stat. Ann. § 9503 (Purdon). Section 9503 provides in pertinent part as follows:

Unless otherwise agreed, a secured party has on default the right to take possession of collateral. In taking possession, a secured party may proceed without judicial process if this can be done *without breach of the peace*. (Emphasis added).

Plaintiff asserts that agents of the defendant regained possession of the bulldozer by unlawfully entering plaintiff's property, securing entry by cutting a chain used to lock a fence which enclosed the property. It is this act of entry which plaintiff asserts constitutes a "breach of the peace." Defendant denies that its actions can be so classified and further asserts that even if the entry is found violative of § 9503, prosecution of the instant action is barred by a release allegedly signed by plaintiff's agent.

Plaintiff has denied that its agents signed the release in question. The existence of this factual issue precludes this Court from ruling on defendant's release defense. It is, therefore, necessary to determine whether the act of cutting the fence chain to gain entry to plaintiff's property constitutes a "breach of the peace" within the meaning of section 9503.

The right of self-help repossession, long a part of our common law, was first incorporated into legislation in the Uniform Sales Act of 1918. Comment, Breach of Peace and Section 9–503 of the Uniform Commercial Code—A Modern Definition for an Ancient Restriction, 82 Dick.L.Rev. 351 (1977). As enacted in Pennsylvania, the Uniform Sales Act was formerly found at Pa.Stat. Ann. tit. 69 § 451. It allowed self-help repossession by a seller without judicial process if such repossession could be effected without a "breach of the peace". This provision was subsequently repealed and replaced by the Pennsylvania legislature's adoption of the Uniform Commercial Code. As noted *supra*, Section 9503 of the Code, contains a similar provision. The "without breach of the peace" limitation has thus been a restriction on self-help repossession for some time.

There is very little Pennsylvania case law interpreting "breach of the peace" in the repossession context. However, the law that does exist is helpful in resolving the present case. Breaking a window to unlock a door to a residence to repossess a piano has been found a "breach of the peace" constituting an unlawful repossession. *Stewart v. North*, 65 Pa.Super. 195 (1916). In *Stewart*, the repossesser's actions resulted in the plaintiff-debtor's residence being left unsecured, allowing burglars to enter the residence subsequent to the repossession. Although no burglary occurred in the instant case, plaintiff here complains that the alleged unlawful entry left its property exposed to potential harm.[1] Since historically the policy promoted by the courts in their interpretation of this provision has been the protection of real property interests and the law's aversion to trespass, *see generally*, 82 Dick.L.Rev. at 358–61, plaintiff's complaints, if proven, can constitute a "breach of the peace."

While some courts have tolerated more aggressive actions by creditors repossessing on commercial property than on residential property, it appears to this Court that the actual breaking of a lock or fastener securing property, even commercial property, constitutes a "breach of the peace" within the meaning of the Pennsylvania statute. This conclusion is consistent with the Pennsylvania Superior Court's attitude as recently expressed in *Jackson v. Richards 5 & 10, Inc.*, 289 Pa.Super. 445, 433 A.2d 888 (1981) where the Pennsylvania appellate court voiced its disapproval of what it termed "constructive breaches of the peace." Addressing the actions of a creditor repossessing personal property from the business premises of a debtor the court noted:

Although we recognize the following to be obiter dictum literally marginal to our holding, we should like to note our displeasure with the appellee's method of repossessing the merchandise of the two stores. Ordinarily repossession is only

---

1. Plaintiff avers in its complaint that defendant's actions occurred after the end of the work day causing its heavy-equipment storage area containing approximately $350,000 worth of equipment to be left unsecured and unprotected.

proper if it can be accomplished without breach of the peace. The instant record is somewhat muddled on the point, but it would appear that appellee enlisted the aid of the Philadelphia police to effectuate the repossession. There is a line of authority that says that use of law enforcement agents in repossessions itself creates a constructive breach of the peace.

*Id.* at 459, 433 A.2d at 895, n. 11. With the Pennsylvania court thus indicating that even non-forceful repossessions may be found unlawful, it appears that the forcible entry alleged in the instant case clearly constitutes a breach of the peace.

Plaintiff's allegations, therefore, do state a cognizable cause of action and if proven would entitle plaintiff to relief. Defendant's motion to dismiss is denied.