No. 91-021

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

JOHN H. MARTIN AND PEGGY MARTIN,

Plaintiffs and Appellants,

-vs-

DORN EQUIPMENT COMPANY, INC., and
SPERRY-NEW HOLLAND,

Defendants and Respondents.

APPEAL FROM:   District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron L. Robb, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

J. David Penwell, Bozeman, Montana

For Respondent:

Michael W. Tolstedt; Anderson, Brown, Gerbase,
Cebull, Fulton, Harman & Ross, Billings, Montana
W. Lee Stokes, Bozeman, Montana

**FILED**

NOV 14 1991

Filed:  *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   May 31, 1991

Decided:   November 14, 1991

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

John and Peggy Martin appeal from the October 24, 1990, order of the Sixth Judicial District Court, Park County, granting the motion of Dorn Equipment Company, Inc. and Sperry-New Holland (collectively, the respondents) for summary judgment. We affirm in part, and reverse and remand in part.

The issues raised on appeal are whether the District Court erred in granting summary judgment by:

1. failing to consider the deposition of Richard Jeppson;

2. concluding as a matter of law that no breach of the peace occurred during a repossession; and

3. finding that no material facts exist to support the Martins' claim that the respondents acted fraudulently regarding an oral agreement to extend or delay payments.

John and Peggy Martin (the Martins) owned a 40-acre ranch north of Livingston, Montana. They operated a custom haying business and raised registered Simmental cattle.

Dorn Equipment Company, Inc. (Dorn), a Montana corporation, sells and repairs new and used agricultural equipment in Bozeman. Sperry-New Holland (Sperry) manufactures agricultural equipment and is a financier for purchasers of Sperry-New Holland equipment from dealers such as Dorn.

The Martins' business relationship with Dorn spanned from 1975 until December of 1986. During this period, the Martins purchased various items of farm equipment and parts for the equipment from

1

Dorn. Dorn also repaired the equipment for the Martins. The Martins financed the equipment through Sperry and its affiliated credit corporations, First Security Bank of Bozeman, and other entities.

Going into the haying season of 1986, the total amount of Martins' debt to the respondents was as follows:

| Creditor | Collateral | Amount Due | Date Due |
|----------|------------|------------|----------|
| Dorn | on account | $5,009.47 | 6-6-86 |
| Sperry | swather | $5,894.96 | 8-15-86 |
| Sperry | baler | $3,846.53 | 9-1-86 |
| Sperry | grinder | $2,336.66 | 9-15-86 |
| Sperry | bale wagon | $4,500.04 | 10-15-86 |

The Martins failed to make the required payments as they came due in 1986.

John Martin met with representatives of Dorn and Sperry on October 28, 1986 at Dorn's place of business in Bozeman. The parties discussed the overdue payments and attempted to make arrangements to resolve the situation. The respondents claim that Martin orally agreed to make an immediate $8,000 payment to Sperry and to allow Sperry to inspect and inventory the equipment and that, in return, Dorn and Sperry would combine all of the Martins' contracts and extend them for two more years. The respondents maintain that November 3, 1986, was the agreed date for meeting to inspect the equipment. However, Peggy Martin stated in her deposition that the respondents agreed at the October 28 meeting to give the Martins time to put their equipment to work and obtain refinancing elsewhere.

On November 1, 1986, the Martins left Montana for Idaho in order to resume work on custom farming operations there. The Martins had expanded their custom farming business into Idaho the previous year and most of their equipment was located in Idaho at that time. On or about November 4, 1986, the respondents repossessed the equipment located in Idaho on the basis of the Martins' failure to make the $8,000 payment or the November 3 meeting. A Notice of Repossession and a Notice of Private Sale were sent to the Martins by certified mail on November 10, 1986, indicating that the Idaho equipment would be sold at private sale on or after fifteen days from November 10.

On November 11, 1986, Jim Drummond (Drummond) of First Security Bank of Bozeman contacted John Dorn of Dorn and informed him that he was going to the Martins' ranch to repossess equipment that the Martins pledged as collateral on debts owing to the bank. John Dorn sent a driver and pickup truck to accompany Drummond and repossess a Sperry-New Holland Grinder/Mixer.

The gate to the ranch was secured by a chain and padlock. Drummond cut the chain with bolt cutters and the parties proceeded onto the premises. Richard Jeppson, the Martins' hired hand, confronted Drummond and inquired into the purpose of the parties' presence on the Martin ranch. Drummond informed him that they were there to repossess certain equipment.

On November 24, 1986, the day before the fifteen days referred to in the Notice of Sale expired, the Martins filed an Application

for Preliminary Injunction and Temporary Restraining Order in the Eighteenth Judicial District, Gallatin County. A Temporary Restraining Order was issued prohibiting the respondents from selling any of the repossessed equipment; a show cause hearing was held on December 17, 1986.

During the show cause hearing, the District Court discovered that the Martins had filed for bankruptcy in the United States Bankruptcy Court for the District of Montana on December 11, 1986. The District Court immediately suspended the proceedings until such time as the Bankruptcy Court determined whether it would assume jurisdiction of the case.

On February 8, 1988, the Bankruptcy Court issued an Order of Abstention from Jurisdiction allowing the Martins to proceed in the civil action pending in Gallatin County. The Martins, however, dismissed the Gallatin County action and filed this action in the Sixth Judicial District Court, Park County. That District Court granted the respondents' motion for summary judgment and the Martins appealed.

The Martins contend, for three different reasons, that the District Court erred in granting summary judgment. The first issue is whether the District Court erred in not considering the deposition of Richard Jeppson.

The District Court concluded that because the deposition of Richard Jeppson, the Martins' hired hand, was taken in the course of the earlier action filed in Gallatin County, the deposition

4

should not be considered as establishing any facts in the case at bar. Based on the record before us, the Jeppson deposition may have been properly before the District Court by virtue of either Rule 32, M.R.Civ.P., or a stipulation of the parties. In any event, it is clear that the court did consider it in part and still concluded that the respondents' actions did not constitute a breach of the peace. Given our holding below on breach of the peace, no further discussion of this issue is necessary.

The second issue is whether the District Court erred in concluding as a matter of law that no breach of the peace occurred when the respondents repossessed the Martins' equipment. The parties agree that the Martins were past due on their various accounts. Further, all relevant security agreements gave the respondents the right to forego judicial proceedings and retake possession of the collateral.

The Sperry default provisions gave Sperry the right to lawfully enter the premises to take possession:

> If the Buyer should fail to make a payment by the date herein specified for the payment, TIME BEING OF THE ESSENCE OF THIS AGREEMENT, or otherwise breach this agreement . . . , the Seller or the Seller's assigns may either or both obtain a judgement [sic] for the same or lawfully enter any premises where the goods may be and take possession thereof, . . . .

Section 30-9-503, MCA, supplements these contractual default provisions with the following language:

> Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of

the peace or may proceed by action. . . .

(Emphasis added). Therefore, the respondents could only repossess the Martins' equipment without resorting to judicial process if they could do so lawfully, without breaching the peace.

Although the District Court did not explicitly state that no genuine issues of material fact existed regarding the repossession, it held as a matter of law that the respondents' actions were not unlawful and did not constitute a breach of the peace. The District Court noted that the respondents made no threats, used no force or violence, and repossessed the equipment in broad daylight. These facts, however, do not support a legal conclusion that a breach of the peace did not occur.

The question of what constitutes a breach of the peace under the Uniform Commercial Code is a case of first impression in Montana. Section 30-9-503, MCA, does not define breach of the peace. However, to avoid breaching the peace, "[t]he general rule is that the creditor cannot utilize force or threats, cannot enter the debtor's residence without consent, and cannot seize any property over the debtor's objections." J. Sheldon & R. Sable, Repossessions, § 6.3 (1988).

We find Laurel Coal Co. v. Walter E. Heller & Co., Inc. (W.D. Penn. 1982), 539 F.Supp. 1006, persuasive. In Laurel Coal Co., defendant repossessed a bulldozer from plaintiff's property. Defendant entered onto plaintiff's property after cutting a chain used to lock a fence which enclosed the property. The court stated

6

that any form of forcible entry constitutes a breach of the peace and, as a result, held that the breaking of a lock securing property constitutes a breach of the peace. Laurel Coal Co., 539 F.Supp. at 1007-1008.

The facts of the instant case clearly indicate that the respondents forcibly entered the Martins' property. Drummond and the respondents' representative entered the property without the Martins' consent after cutting the locked chain on the gate with bolt cutters. This action in itself constitutes a breach of the peace. Self-help repossessions must be conducted in such a manner as to avoid forcible breakings and entries.

The respondents argue that Drummond, a representative of the bank and not a party to this action, cut the chain and that their representative merely drove onto the property through the open gate. We find this argument unpersuasive. Drummond contacted Dorn before travelling to the ranch to repossess the equipment. Dorn, on behalf of itself and Sperry, sent a driver with the bank representatives to repossess certain additional equipment. The members of the group were acting in concert and the respondents cannot now contend that the bank is solely responsible for the unlawful entry onto the Martins' ranch.

"This Court has the power to reverse the district court's grant of summary judgment and order it to enter summary judgment in favor of the other party as a matter of law only when it is clear that all the facts bearing on the issues are before this Court."

7

Canal Ins. Co. v. Bunday (Mont. 1991), 813 P.2d 974, 979, 48 St.Rep. 597, 600; citing Hereford v. Hereford (1979), 183 Mont. 104, 110, 598 P.2d 600, 603. No genuine issues of material fact exist on the issue of breach of the peace in the instant case. Having concluded that the forcible entry onto the Martins' ranch to repossess equipment was a breach of the peace, we hold that the District Court erred in concluding that the repossession was lawful and did not constitute a breach of the peace. We reverse the grant of summary judgment in the respondents' favor and direct the District Court to enter partial summary judgment for the Martins on this issue.

The final issue is whether the District Court erred in finding that no material facts exist to support the Martins' claim that the respondents acted fraudulently regarding an oral agreement to extend or delay payments. Representatives from Dorn and Sperry met with John Martin on October 28, 1986 regarding the Martins' past due account. Martin claims that the respondents agreed to extend his time in which to pay before they would repossess his equipment; the respondents contend that Martin had to meet certain conditions prior to an extension, which he failed to meet.

The Martins' complaint asserts that the respondents acted fraudulently by inducing them to believe that they had reached an agreement extending the time in which the Martins could make their payments. The Martins failed to meet the requirements of Rule 9(b), M.R.Civ.P.: "In all averments of fraud or mistake, the

8

circumstances constituting fraud or mistake shall be stated with particularity. . . . "

The purpose of summary judgment underlying Rule 56, M.R.Civ.P., is to encourage judicial economy through the prompt elimination of questions not deserving of resolution by trial. Westmont Tractor Co. v. Continental I, Inc. (1986), 224 Mont. 516, 521, 731 P.2d 327, 330. Summary judgment is proper if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. The party moving for summary judgment has the initial burden of proving no genuine issues of material fact exist. Westmont Tractor Co., 224 Mont. at 521, 731 P.2d at 330. Once the moving party meets this burden, the burden shifts to the non-moving party to prove that material issues of fact are in dispute. Westmont Tractor Co., 224 Mont. at 521, 731 P.2d at 330.

The Martins contend they have made out a prima facie case of fraud in their complaint and through deposition testimony of Peggy Martin. The respondents contend that such has not been established. We agree with the respondents. The Martins made reference to fraud in their complaint and in their response to the respondents' summary judgment motion, but they failed to allege the facts and circumstances constituting the fraud with particularity. Furthermore, Peggy Martin's deposition was before the court which also made reference to a misrepresentation but failed to state facts in support of all nine fraud elements which the Martins were

9

required to aver and satisfy.

The Martins failed to allege and satisfy the required elements of fraud. Additionally, the Martins failed to raise genuine issues of material fact regarding the elements. Therefore, the District Court did not err in granting summary judgment on this issue.

Affirmed in part, and reversed and remanded in part for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

10

November 14, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


J. David Penwell
Attorney at Law
P.O. Box 1677
Bozeman, MT  59715

Michael W. Tolstedt
Anderson, Brown, Gerbase, Cebull, Fulton, Harman & Ross
P.O. Drawer 849
Billings, MT  59103

W. Lee Stokes
Berg, Lilly, Stokes, Andriolo, Tollefsen & Schraudner
910 Technology Blvd., Ste. A
Bozeman, MT  59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy
