No. 91-410

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

MARIE JOHNSTON,

        Plaintiff and Appellant,

-vs-

AMERICAN RELIABLE INSURANCE COMPANY,
ROBERT FRANCHUK, DONNA FRANCHUK, and
JANEVA GALAYDA,

        Defendants and Respondents.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Terry G. Sehestedt, Missoula, Montana

        For Respondents:

        Kim L. Ritter; Milodragovich, Dale & Dye, Missoula,
Montana
Darla J. Keck; Datsopoulos, MacDonald & Lind,
Missoula, Montana

FILED

Filed: JUN -4 1992

CLERK OF SUPREME COURT
STATE OF MONTANA

_____
Clerk

Submitted on Briefs: December 30, 1991

Decided: June 4, 1992

Justice John Conway Harrison delivered the Opinion of the Court.

This action began on April 18, 1989, when appellant, Marie Johnston (Johnston), filed a complaint in the Fourth Judicial District Court, Missoula County, alleging conversion and breach of contract. The District Court granted summary judgment in favor of the respondents, American Reliable Insurance (Reliable) and Janeva Galayda (Galayda). Johnston appealed and we remanded the case to the District Court with instructions to enter grounds for granting summary judgment in favor of the respondents. Johnston v. American Reliable Ins. Co. (1991), 248 Mont. 227, 810 P.2d 1189 (Johnston I).

On remand, the District Court stated its reasons for granting the respondents' summary judgment. The District Court found that the Franchuks, the individuals who sold Johnston the mobile home, lawfully repossessed Johnston's mobile home after proper notice of default, and that repossession of the mobile home was not covered under the terms of the homeowner's insurance policy issued by Reliable. At the time of the lawsuit, the Franchuks had declared bankruptcy and were protected defendants.

Additionally, the court found that Johnston failed to establish that Galayda, the owner of the property on which Johnston's mobile home was located, took possession of the mobile home converting it to her own use without lawful authority. The court found that the uncontested facts demonstrated Galayda did not take or maintain possession of the home, thereby precluding a

2

wrongful conversion claim. Further, the court found that if Galayda had chosen to remove the mobile home from her premises, she possessed the lawful authority to do so based on a July 11, 1988, Justice Court default judgment. Johnston again appeals. We reverse and remand.

The factual background leading up to this case has been previously set forth in Johnston I. Therefore, we will only address the facts necessary to dispose of this case.

The issue presented for our review is whether the District Court erred in granting summary judgment in favor of the respondents and in denying Johnston's motion for partial summary judgment.

Summary judgment is proper if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. The moving party possesses the initial burden of proving no genuine issues of material fact exist. Martin v. Dorn Equip. Co. (Mont. 1991), 821 P.2d 1025, 1029, 48 St. Rep. 978, 980; citing Westmont Tractor Co. v. Continental I, Inc. (1986), 224 Mont. 516, 521, 731 P.2d 327, 330.

In the case at bar, Reliable, Johnston, and Galayda all moved the court for summary judgment. Each party argued that no genuine issues of material fact exist and that it was entitled to judgment as a matter of law. Finding no genuine issues of material fact, the District Court held that Reliable and Galayda were entitled to judgment as a matter of law. Johnston contends that this was error. We agree.

3

Essentially, the only issue Johnston raises on appeal is whether the District Court erred in concluding as a matter of law that Johnston's mobile home was repossessed by someone with lawful authority to do so. We conclude that the District Court erred in granting respondents' summary judgment. The undisputed facts of this case do not support such a legal conclusion.

Conversion requires property ownership, the owner's right of possession, and the unauthorized control over the property by another resulting in damages. Lane v. Dunkle (1988), 231 Mont. 365, 368, 753 P.2d 321, 323. Any unauthorized act depriving the owner of his or her property permanently or for an indefinite time is conversion. Harri v. Isaac (1940), 111 Mont. 152, 158, 107 P.2d 137, 140. In the case at bar, the record indicates that Johnston owned the mobile home, entitling her to its possession, and that Galayda unlawfully converted her home by taking possession of it without lawful authority to do so.

Galayda argues that since she did not physically remove the mobile home and never actually had the mobile home in her possession, she cannot be held liable for conversion. We find this argument unpersuasive. Galayda caused the removal of the mobile home by contracting with the Franchuks for its removal. Although the Franchuks participated in moving the home from Galayda's premises, they did not repossess the mobile home. They merely removed the mobile home from Galayda's premises pursuant to the following written agreement:

> It is mutually agreed as of August 17, 1988 that Robert and Donna Franchuk and, Janeva Galayda will cooperate

4

with one another in the removal of the mobile home located at 1805 Eaton, Missoula, Montana. Robert and Donna Franchuk will remove the skirting from the mobile home prior to the move. Janeva Galayda will pay for the removal of the mobile home from 1805 Eaton to Old Farm Road, Lolo, Montana. Said charges for the removal of the mobile home will be reimbursed to Janeva Galayda by the Franchuk's [sic] when copies of the moving charges are submitted to the Franchuk's [sic].

It is undisputed that the Franchuks had no right to repossess the home as of the date of its removal. Mr. Franchuk acknowledged this in his deposition; he testified that he acted on Galayda's behalf when he removed the mobile home because he thought that she possessed the legal authority to remove it. Additionally, Galayda testified that she contracted with the Franchuks to remove the mobile home.

Galayda contends that by virtue of the various notices to quit the premises and the default judgment she obtained against Johnston she had the legal authority to physically evict Johnston and her mobile home from the premises. Although Galayda attempted to follow correct procedure to lawfully evict Johnston, the procedure she followed was flawed.

First, Galayda notified Johnston, pursuant to the rental agreement and § 70-24-422, MCA, that the rental agreement would be terminated and Johnston would have to leave the premises if she did not remove her dogs. Johnston failed to remove the dogs, but she remained on the premises. Accordingly, the rental agreement was terminated and Galayda's cause of action against Johnston for possession of the premises ripened pursuant to § 70-24-427, MCA. Galayda did not initiate this action.

5

Instead, Galayda filed a complaint against Johnston in Justice Court on June 16, 1988, for back rent from July 1, 1988, and possession of the premises. As Chief Justice Turnage noted in his special concurrence in Johnston I, it is difficult for this Court to understand how back rent could be owed from July 1, 1988, when the complaint was filed in the middle of June. Regardless of this apparent mistake, Galayda indicated in her deposition that even though she received $220 from Johnston, postmarked July 4, 1988, for June and July rent, she obtained a default judgment on July 11, 1988. This default judgment was based on Galayda's incorrect sworn affidavit that Johnston still owed approximately $198.[1]

Although the default judgment awarded money damages only, the Justice Court issued a Writ of Assistance directing the Missoula County Sheriff to physically remove Johnston's mobile home from Galayda's premises. The Sheriff served this writ on Johnston, but at Galayda's direction, failed to physically remove the mobile home.

A number of procedural errors occurred during the above procedure rendering Galayda's subsequent actions in removing the mobile home unauthorized. First, § 70-24-422, MCA, requires the landlord to give the tenant notice to pay rent prior to filing a complaint for non-payment of rent and possession of the premises. Section 70-24-422, MCA, states:

_____

[1]Galayda determined that Johnston owed $165 rent for June and half of July, a contractually imposed late payment fee of $10, $3.12 in interest, plus $20 in filing and service fees totalling $198.12.

6

(2)(a) [I]f rent is unpaid when due and the tenant fails to pay rent within 3 days after written notice by the landlord of nonpayment and his intention to terminate the rental agreement if the rent is not paid within that period, the landlord may terminate the rental agreement.

(b) For a rental agreement involving a tenant who rents space to park a mobile home but who does not rent the mobile home, the notice period referred to in subsection (2)(a) is 15 days.

Galayda failed to provide Johnston with the requisite fifteen days notice before filing her complaint. Accordingly, Galayda's complaint was premature and unfounded in fact.

Second, Galayda obtained the default judgment under somewhat spurious circumstances by submitting a sworn affidavit stating Johnston still owed her rent. In fact, Johnston paid Galayda.

Third, the Justice Court issued a Writ of Assistance directing the Sheriff to remove Johnston's mobile home from Galayda's premises. Although the Sheriff served the writ, the Sheriff did not participate in the actual removal of the mobile home. Instead, Galayda and the Franchuks contracted to remove the mobile home themselves. Since sheriffs and constables have the only authority to act under such writs pursuant to § 25-13-301, MCA, Galayda's removal of the home by someone other than a sheriff or constable was unauthorized.

Finally, Galayda served a Notice of Abandonment dated August 17, 1988, on Johnston giving her another fifteen days to remove the mobile home. Subsequently, the Franchuks moved the mobile home to their property on Galayda's behalf when Johnston failed to move the mobile home within fifteen days.

If Johnston abandoned the premises, Galayda was entitled to

7

remove the mobile home from her premises. Section 70-24-430(1), MCA, states:

> If a tenancy terminates in any manner except by court order and the landlord reasonably believes the tenant has abandoned all personal property which the tenant has left on the premises, and a period of time of at least 5 days has elapsed since the occurrence of events upon which the landlord formed that belief, the landlord may remove the property from the premises.

Abandonment is the absolute relinquishment of the premises consisting of the tenant's act or omission and intent to abandon. LIC, Inc. v. Baltrusch (1985), 215 Mont. 44, 46-47, 692 P.2d 1264, 1266. Galayda testified during her deposition that she based her perception of abandonment on a phone call she received from Mrs. Franchuk. Otherwise, Galayda took no steps to investigate the situation to determine if, in fact, Johnston had abandoned the premises. Absent sufficient facts showing absolute relinquishment, Galayda was without legal authority to remove the mobile home.

Galayda was required to follow § 70-24-430, MCA, when disposing of the allegedly abandoned property. At minimum, § 70-24-430, MCA, requires the landlord to inventory and store the tenant's personal property in a safe place and reasonably attempt to notify the tenant in writing that the property must be removed from the place of safekeeping.

The lower court record is devoid of any references to the foregoing procedure. It appears from the record before this Court that Galayda failed to inform Johnston of the location of her property and failed to notify Johnston of the steps necessary to reclaim her property. This failure is evidence of Galayda's

8

unauthorized acts depriving Johnston of her property. Accordingly, the District Court erred as a matter of law when it granted Galayda's motion for summary judgment since the undisputed facts show Galayda wrongfully possessed Johnston's property, constituting conversion.

Next, it is necessary for this Court to determine whether the District Court erred in granting summary judgment in Reliable's favor. Reliable based its motion for summary judgment on the fact that Johnston's mobile home was lawfully repossessed, precluding coverage pursuant to the unambiguous language of the insurance policy. However, in accordance with our above analysis, Johnston's mobile home was not lawfully repossessed but was converted. Therefore, Reliable's argument fails.

For Johnston to recover under the comprehensive coverage in her policy, she was required to prove that Galayda and the Franchuks had no right to remove and withhold the mobile home. Pursuant to our above analysis, Johnston met this burden. Galayda's removal and withholding of Johnston's mobile home was unauthorized and impermissible, constituting conversion. Johnston suffered a compensable loss and Reliable is liable under its policy.

This Court has the power to reverse the district court's grant of summary judgment and order it to enter summary judgment in favor of the other party as a matter of law when all facts bearing on the issue are before this Court. Here, there were no genuine issues of fact as to whether the acts of the respondents were a conversion of

the mobile home and covered under the policy. <u>Martin</u>, 821 P.2d at 1028, 48 St.Rep. at 980 (citing cases). We hold that the District Court erred in granting summary judgment in the respondents' favor. We reverse and remand to the District Court with directions to enter partial summary judgment in Johnston's favor and for further proceedings on the issue of Johnston's damages.

REVERSED.

_____
                    Justice

We concur:

_____
            Chief Justice

_____

_____

_____

_____
            Justices

Justice Fred J. Weber dissents as follows:

I understand the desire of the majority to terminate extended litigation of the type involved in this case. However, I suggest that improper factual findings and conclusions have been made in the majority opinion.

As pointed out in the majority opinion, Galayda served a Notice of Abandonment dated August 17, 1988, on Johnston. That notice gave her 15 days to remove the mobile home. After Johnston failed to remove the mobile home within that 15 day period, Galayda had the mobile home moved by Franchuks. Under the express provisions of § 70-24-430(1), MCA, such facts establish a statutory right on the part of Galayda to remove the mobile home. Under the uncontradicted facts, we must therefore conclude that the moving of the mobile home from the Galayda trailer court was authorized by statute. Such an authorized removal does not constitute an unauthorized act depriving Johnston of her property and therefore could not constitute a conversion.

The majority points out that under § 70-24-430, MCA, Galayda was required to inventory and store the personal property in a safe place and reasonably attempt to notify the tenant that the property must be removed. While this was not an issue addressed in the record, even if we assume a failure to notify Johnston, the statutes do not warrant a conclusion that such failure to give notice constitutes a conversion.

The findings of fact and judgment on the part of the District Court demonstrate that there are material facts in dispute. The

11

District Court concluded that as a result of the justice court action, Galayda had demonstrated a right to the lawful possession of the property. In addition, the District Court found the uncontradicted facts to show that it was the Franchuks who took possession and not Galayda. Clearly there exist issues of material fact which prohibit the type of summary judgment reached in the majority opinion.

_____
Justice

June 5, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Terry G. Sehestedt
Attorney at Law
P.O. Box 8281
Missoula, MT  59807

Kim L. Ritter
MILODRAGOVICH, DALE & DYE
P.O. Box 4947
Missoula, MT  59806

Darla J. Keck
DATSOPOLOUS, MacDONALD & LIND
210 W. Main, Central Square Building
Missoula, MT  59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy