NO. 93-197

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

C. HAYDON LIMITED and
DR. K. M. CLEWS,
        Plaintiffs and Respondents,

-vs-

MONTANA MINING PROPERTIES, INC.,
a Montana corporation: et al.,
        Defendants, Third-Party Plaintiffs
            and Appellants,

-vs-

FRANK CROWLEY,
        Third-Party Defendant,

    and

W. D. MURRAY, JR.,
        Third-Party Defendant and Respondent.

APPEAL FROM:    District Court of the Second Judicial District,
                In and for the County of Silver Bow,
                The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

            Joan E. Cook: Miller & Cook, Great Falls,
            Montana

        For Respondents:

            Greg J. Skakles; Johnson, Skakles & Kebe, Anaconda
            Montana

            W. D. Murray, Jr., Attorney at Law, Butte, Montana

            David M. McLean; Knight, Dahood, McLean, Everett
            & Dayton, Anaconda, Montana

Submitted on Briefs:   August 26, 1993

Decided:   December 7, 1993

FILED
Filed: DEC 07 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Second Judicial District, Silver Bow County. Appellant Montana Mining Properties, Inc. (MMPI) appeals from a motion granted in favor of W. D. Murray, Jr. (Murray) to dismiss for failure to comply with Rule 9(b), M.R.Civ.P., and from an order granting Murray summary judgment pursuant to Rule 56(c), M.R.Civ.P. We affirm.

The issues are:

1. Did the District Court err by granting Murray's motion to dismiss for failure to state a **claim** pursuant to Rule 12(b)(6), **M.R.Civ.P.?**

2. Did MMPI have a reasonable opportunity to amend its pleading?

Murray was a director and an attorney for MMPI, a corporation of twelve Montana entities holding real property in Butte, Montana. He resigned in the fall of 1990. In February 1991, a corporate merger took place in British Columbia, Canada.

Shortly thereafter, MMPI President Malcolm Clews (Clews) began billing MMPI directly for services and expenses owed him. The bills resulted from a consulting agreement between Clews and then general manager of **MMPI,** Frank Crowley (Crowley). An April 4, 1991, letter from Crowley to Clews acknowledged the debt and the agreement.

Crowley was also owed monies by **MMPI,** as acknowledged by a letter from Clews to Crowley dated April 2, 1991. The **letters** of April 2nd and 4th were not found in **MMPI's** corporate records; but

rather, in the personal records of Clews and Crowley. In the fall of 1991, following the corporate merger and a change in management, Clews and Crowley terminated their association with MMPI.

Two additional letters, **"telefaxed"** from Clews to Murray on October 3 and 4, 1991, are present in the record. According to MMPI, these letters--combined with the debt acknowledgement letters of April 2nd and **4th--are** evidence of conspiracy, fraud and breach of fiduciary duties by Clews, Crowley and Murray.

On April 7, 1992, Clews brought an action against MMPI to recover damages for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent misrepresentations, and willful and negligent infliction of emotional distress. On **MMPI's** motion, the court dismissed all counts except breach of contract.

MMPI filed a third-party complaint on October 26, 1992, against Crowley and Murray. The complaint alleged conspiracy to commit fraud, common law fraud, and breach of a fiduciary duty based on fraud.

On November 25, 1992, Murray filed a motion to dismiss for failure to comply with Rule 9(b), M.R.Civ.P. Specifically, Murray argued that MMPI did not plead the nine elements of fraud with sufficient particularity. At the February 24, 1993, hearing on the motion to dismiss, MMPI asked the District Court to consider matters outside of the pleadings--the letters of April 2 and 4, **1991--which** were attached to **MMPI's** answers to Murray's interrogatories. MMPI also asked for additional discovery and

twenty days to amend its complaint.

On March 17, 1993, the District Court granted Murray's motion to dismiss with prejudice and granted Murray summary judgment. The court found that MMPI failed to plead with particularity its theory of fraud against Murray. The basis for the court's decision was that MMPI's allegations were contradictory and lacked specificity, and that the allegations were based on "information and belief" unsupported by fact. MMPI appeals.

I

Did the District Court err by granting Murray's motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), M.R.Civ.P.?

We will not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Proto v. Missoula County (1988), 230 Mont. 351, 352-53, 749 P.2d 1094, 1095-96. In considering Murray's motion to dismiss, we construe the complaint in the light most favorable to MMPI, and all allegations of fact are taken as true. See Willson v. Taylor (1981), 194 Mont. 123, 126, 634 P.2d 1180, 1182.

The District Court granted Murray's motion to dismiss for failure to state a claim because it found that MMPI failed to allege fraud against Murray with sufficient particularity. See Rules 12(b)(6) and 9(b), M.R.Civ.P. In order to comply with Rule 9(b), a complainant must allege, with particularity, facts to support the following nine elements of fraud:

4

1) a representation:
2) the falsity of the representation:
3) its materiality:
4) the speaker's knowledge of its falsity or ignorance of its truth:
5) the speaker's intent that it should be relied on;
6) the hearer's ignorance of the falsity of the representation:
7) the hearer's reliance on the representation;
8) the hearer's right to rely on the representation; and
9) consequent and proximate injury caused by reliance on the representation.

Pipinich v. Battershell (1988), 232 Mont. 507, 511, 759 P.2d 148, 151 (citation omitted).

The District Court found, and we agree, that MMPI failed to meet the requirements of Rule 9(b), M.R.Civ.P., in three respects. First, allegations in paragraphs III and XI of MMPI's third-party complaint contradicted allegations in paragraphs VIII and X. Specifically, paragraphs III and XI stated that MMPI "knew no facts with regard to the existence of the alleged consulting agreement" until the Clews suit was filed, while paragraphs VIII and X alleged that Murray made false representations to MMPI that Clews was due monies pursuant to an agreement. Moreover, although MMPI alleged that a representation was made, it failed to allege the time and place of the representation, or to whom it was made.

Second, allegations in paragraphs IV, V, VII and VIII were made "upon information and belief" of MMPI's counsel, Joan Cook, who signed the complaint for MMPI. Allegations of fraud cannot ordinarily be based "on information and belief" except as to matters peculiarly within the opposing party's knowledge. Schlick v. Penn-Dixie Cement Corp. (2d Cir. 1974), 507 F.2d 374, 379, cert. denied, 421 U.S. 976 (1975). To satisfy Rule 9(b) in the latter

5

instance, the allegations must be accompanied by a statement of facts upon which the belief is founded. Segal v. Gordon (2d Cir. 1972), 467 F.2d 602, 608.

In this case, MMPI based its allegations on information and belief. MMPI failed to demonstrate that the falsity of Murray's representation to MMPI--that Clews was due monies pursuant to an agreement--was peculiarly within Murray's knowledge. Furthermore, the record is void of any facts upon which the alleged beliefs were founded. As the District Court noted:

> The employment of such extravagant terms as "fraud," "conspiracy," and other words of like malign import, unaccompanied by a statement of fact upon which the charges of wrongdoing rest, is a useless waste of words.

Brandt, et al. v. McIntosh, et al. (1913), 47 Mont. 70, 72, 130 P. 413, 414 (citation omitted).

Third, MMPI offered no factual support for its allegations and, thus, did not meet the requirements of Rule 9(b), M.R.Civ.P. Although MMPI alleged a representation and its falsity, it did not present facts in support of those allegations. MMPI failed to address the third through ninth elements of fraud, as set out above. Put simply, MMPI failed to allege fraud with sufficient particularity.

MMPI argues that Rule 9(b), M.R.Civ.P., must be read in conjunction with Rule 8(a), M.R.Civ.P., which requires that the pleadings contain only a "short and plain statement of the claim." See Fraunhoffer v. Price (1979), 182 Mont. 7, 14-15, 594 P.2d 324, 328-29. While MMPI's contention is generally true, the statement cannot be so "short" or so "plain" as to defeat the purposes of

6

Rule 9(b). As the District Court correctly determined, Rules 9(b) and 8(a), M.R.Civ.P., should be harmonized. See 2A James Wm. Moore, Moore's Federal Practice, § 9.03(2). One of the purposes of Rule 9(b) is to protect reputations from unwarranted charges of fraud, "especially professionals whose reputations in their fields of expertise are most sensitive to slander . . . ." Semegen v. Weidner (9th Cir. 1985), 780 F.2d 727, 731.

Viewing the record in the light most favorable to MMPI, we find no evidence in the record to support MMPI's allegation of fraud against Murray. See Willson, 634 P.2d at 1182. MMPI's allegations against Murray were contradictory, were not sufficiently particular, and were unsupported by fact. The District Court correctly: a) concluded that MMPI's complaint did not sufficiently plead the nine elements of fraud; and b) denied MMPI's motion to dismiss.

Because the District Court properly granted Murray's motion to dismiss for failure to state a claim, we need not address whether MMPI had a reasonable opportunity to present sufficient facts to preclude summary judgment.

II

Did MMPI have a reasonable opportunity to amend its pleading?

MMPI contends that the District Court denied its request to amend its complaint against Murray at the February 24, 1993, hearing. At that hearing, MMPI argued that it had discovered additional facts which would cure its complaint, if deficient. MMPI argues that the District Court abused its discretion by

7

depriving MMPI the opportunity to amend its complaint.

However, a fair reading of the transcript indicates that the court invited MMPI to amend its complaint. Joan Cook, MMPI's attorney, stated:

> Your Honor, I do have facts that I have gained since the time that I filed this complaint, that I can show, factual, about this complaint. If you feel that it is deficient, I feel that I can, with the opportunity to amend, add facts that would satisfy it.

The District Court responded: "Okay." However, MMPI never requested leave to amend its complaint after the February 24th hearing. MMPI had a reasonable opportunity to amend, but simply failed to do so. MMPI's assertion that the District Court abused its discretion by depriving MMPI of an opportunity to amend its complaint is without merit.

The record also reveals that MMPI had ample opportunity to amend its pleading before the February 24th hearing. On October 26, 1992, MMPI filed its third-party complaint against Murray. Murray filed a motion to dismiss on November 25, 1992. Because a motion to dismiss is not a responsive pleading, MMPI could have amended its complaint without leave of court within twenty days of Murray's motion to dismiss. See Rule 15(a), M.R.Civ.P. Clearly, MMPI had a reasonable opportunity to amend its pleading, but failed to do so.

Affirmed.

_____
Justice

We concur:

_Karla M. Gray_

_Jim Rice_

_(signature)_

_(signature)_
Justices