DA 12-0702

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 299

PAMELA G. FOSSEN and GREAT FALLS
POTABLES, INC., a Montana Corporation
f/k/a WESTLAND MANAGEMENT, INC.,

      Third-Party Plaintiffs and Appellants,

  v.

ALLAN R. FOSSEN, an Individual,

      Third-Party Defendant and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and For the County of Cascade, Cause No. BDV 03-1137
                Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Nathan J. Hoines, Eric Biehl, Hoines Law Office, PC; Great Falls, Montana

      For Appellee:

            Jason T. Holden, Dana A. Ball, Faure Holden Attorneys at Law, P.C.; Great
            Falls, Montana

Submitted on Briefs:  September 4, 2013
Decided:  October 15, 2013

Filed:

_____
                       Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 The District Court for the Eighth Judicial District, Cascade County, granted summary judgment in favor of Third-Party Defendant and Appellee Allan Fossen (Allan). Third-Party Plaintiff and Appellant Pamela Fossen (Pam) appeals from this judgment. We Affirm.

## STATEMENT OF ISSUES

¶2 *Issue One: Did the District Court correctly determine that Pam failed to plead fraud with sufficient particularity?*

¶3 *Issue Two: Did the District Court correctly determine that Pam failed to show reliance on Allan's representations?*

¶4 *Issue Three: Did the District Court err when it determined that Count III of Pam's complaint is dependent on and relates back to Counts I and II?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 Pam, Allan, Charles Dees and Mary Lou Dees (the Dees) entered into the portable toilet business in 1996. The assets of the business were obtained through a loan bearing the names of Pam, Allan, and the Dees. Allan acted as the sole manager of the business, operating the assets as Great Falls Portables, Inc. (GFP). In 2001, Pam and Allan separated, and Pam took over management of GFP in May of that year. Pam later created a separate LLC, Rocky Mountain Portables (RMP), and transferred all of GFP's assets and customers to RMP. The Dees filed a Complaint against Pam, GFP, and RMP in October 2003, alleging breaches of fiduciary duty, wrongful interference, unjust enrichment, and seeking recognition of their interest in GFP. In November 2003, Pam and Allan entered into a Settlement Agreement (Agreement) wherein their marital property was divided between them. The

Agreement provided, in part, "[w]ife also agrees to be responsible to the Dees for any obligation which may be owed them in connection with their interest, if any, in Great Falls Portables."

¶6    In litigation with the Dees, Pam filed a Third-Party Complaint against Allan in December, 2003.  Pam alleged that the Dees' complaint arose out of Allan's fraudulent actions in his individual capacity (Count I), that Allan had fraudulently induced Pam to enter the Agreement assigning responsibility for the Dees' interest (Count II), and demanded that Allan remedy this fraud by indemnifying her from liability to the Dees (Count III).  The District Court granted Allan summary judgment against all three counts. The court found that the complaint failed to plead fraud with sufficient particularity, that no material issue of fact demonstrated Pam's reliance on the alleged fraudulent representations, and dismissed her Count III indemnity and contribution claim as relating back to the fraud alleged in Counts I and II.  Pam appeals from this order.

## STANDARDS OF REVIEW

¶7    We review summary judgment rulings de novo.  *Dubiel v. MT Dept. of Transportation*, 2012 MT 35, ¶ 10, 364 Mont. 175, 272 P.3d 66.  This Court reviews a district court's decision on summary judgment using the same standards as the district court under M. R. Civ. P. 56. *Wagner v. Woodward*, 2012 MT 19, ¶ 16, 363 Mont. 403, 270 P.3d 21.  Summary judgment is proper under Rule 56 if the pleadings, answers to discovery, and affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Cole v. Valley Ice Garden, L.L.C.*, 2005 MT 115, ¶ 4, 327

Mont. 99, 113 P.3d 275. In responding to a motion for summary judgment, a non-movant must set forth specific facts that are not speculative or conclusory statements. *Hiebert v. Cascade County*, 2002 MT 233, ¶ 21, 311 Mont. 471, 56 P.3d 848. A court's evaluation for issues of material fact must construe all reasonable inferences in favor of the non-movant. *Lorang v. Fortis Ins. Co.*, 2008 MT 252, ¶ 38, 345 Mont. 12, 192 P.3d 186.

## DISCUSSION

¶8 *Did the District Court correctly determine that Pam failed to plead fraud with sufficient particularity?*

¶9 Montana Rule of Civil Procedure 9(b) requires a party alleging fraud to plead the circumstances constituting fraud with sufficient particularity, but malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. To sustain a fraud claim, one must plead and prove:

> (1) a representation; (2) falsity of the representation; (3) materiality of the representation; (4) speaker's knowledge of the falsity of the representation, or ignorance of its truth; (5) speaker's intent that it should be relied upon; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation; (8) the hearer's right to rely on the representation; and, (9) consequent and proximate injury was caused by reliance on the representation.

*Krone v. McCann*, 197 Mont. 380, 387, 642 P.2d 584, 587-88 (1982). The key inquiry in evaluating a pleading's sufficiency is whether the pleading gives adequate notice to an adverse party enabling it to prepare a responsive pleading. *State Compensation Mut. Ins. Fund v. Berg*, 279 Mont. 161, 177, 927 P.2d 975, 984 (1996); *Fraunhofer v. Price*, 182 Mont. 7, 15, 594 P.2d 324, 329 (1979). A sufficiently pled fraud complaint should allege not

4

only that a representation was made, but also the time and place of the representation. *C. Haydon Ltd. v. Montana Mining Properties*, 262 Mont. 321, 325, 864 P.2d 1253, 1256 (1993). When a pleading alone does not give sufficient notice to an adverse party, it is appropriate to consider the context in which the fraud is alleged to have occurred. *Berg*, 279 Mont. at 178, 927 P.2d at 985. However, allegations of fraud may not ordinarily be based on "information and belief" except as to matters peculiarly within the opposing party's knowledge. *C. Haydon Ltd.*, 262 Mont. at 325-26, 864 P.2d at 1256.

¶10 The District Court correctly concluded that Pam's third-party complaint did not plead fraud with sufficient particularity to give Allan adequate notice. Pam's complaint consistently alleges "actions" and even "fraudulent actions" that induced her to enter into the indemnification agreement, but nowhere describes what action Allan took. Relying on *Berg,* Pam contends that Allan had the most intimate knowledge of the business, and had been involved in this litigation for nearly a decade, thus he was put on notice by the context surrounding the complaint. In *Berg*, the appellant argued that the State failed to plead with sufficient detail the speaker's knowledge of falsity, the hearer's ignorance, reliance, right to rely on the representation, and injury. Appellant Br. of George Berg, *State Compensation Mut. Ins. Fund v. Berg*, at 45-46 (No. 95-389 (1996)). Because Berg had filed incorrect payroll reports for workers compensation insurance, we found that his conduct had put him on notice that the State would rely on his representation to its detriment. *Berg*, 279 Mont. at 176-78, 927 P.2d at 984.

¶11    The instant case is distinguishable from *Berg* in a number of ways. First, *Berg* did not concern the sufficiency of pleading the representation element of fraud. *C. Haydon Ltd.*, however, speaks directly to that element, and requires that representations are pleaded stating the specific time and place that the representation is made. *C. Haydon Ltd.*, 262 Mont. at 325-26, 864 P.3d at 1256. Second, the State in *Berg* pled fraud with a sufficient amount of detail that Berg was put on notice. The State specifically alleged that Berg had falsely reported his payroll to the State in an effort to reduce the premiums he owed to the State Fund. *Berg*, 279 Mont. at 176-78, 927 P.2d at 984. We find Pam's pleading less akin to *Berg* and more similar to the complaint we found insufficient in *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 428-29, 821 P.2d 1025, 1028-29 (1991). There, the Martin's complaint alleged that the respondents had "acted fraudulently" and submitted deposition statements referring to a "misrepresentation." *Martin*, 250 Mont. at 428-29, 821 P.2d at 1028-29. We found this complaint insufficiently pled fraud because the Martins lacked any allegation of facts and circumstances in support of an element of fraud, including the representation element. *Martin*, 250 Mont. at 428-29, 821 P.2d at 1028-29. Pam's complaint likewise fails to plead any detail or fact in support of her allegation of fraud.

¶12    Finally, *Berg* concerned information that was peculiarly within the defendant's knowledge, and thus the State could plead certain elements on information and belief, pursuant to *C. Haydon Ltd.*, 262 Mont. at 326, 864 P.2d 1256. Because Berg himself had falsely filed his payroll, the State was unable to know the facts that would support an element like the speaker's knowledge of the falsity. *Berg*, 279 Mont. at 175-76, 927 P.2d at

6

984-86. Here, Allan's representation is not peculiarly within his knowledge, in fact, Pam claims that he made the representation directly to her. There is nothing stopping Pam from pleading the representation with particularity. But, even if this information is only known by Allan, *C. Haydon Ltd.* requires a plaintiff to allege that such information was peculiar to the defendant's knowledge. *C. Haydon Ltd.*, 262 Mont. at 325-26, 864 P.2d at 1256.

¶13 Pam alleges no facts in her pleading which support an action for fraud, nor does she allege that the facts are peculiar to Allan's knowledge. Pam's complaint contains no fact identifying Allan's representation in any way, except that she thought it was fraudulent and caused damages. Without particular facts and circumstances describing the representation, Allan cannot effectively answer the complaint's allegations about the representation. Because this is the core concern behind M. R. Civ. P. 9(b), the District Court correctly determined that the complaint failed to plead with particularity.

¶14 *Did the District Court correctly determine that Pam failed to show reliance on Allan's representations?*

¶15 Even if Pam's fraud claim survives M. R. Civ. P. 9(b) scrutiny, it fails to raise an issue of material fact as to whether she relied on Allan's representation. Fraud claims must establish both that a hearer relies on the representation and that the hearer has a right to rely on the representation. *Krone*, 197 Mont. at 387, 642 P.2d at 587-88. If a party has investigated a fraudulent representation, or has the means to determine the veracity of a representation, that party has no grounds to claim reliance. *Grindrod v. Anglo-American*

7

*Bond Co.*, 34 Mont. 169, 179, 85 P. 891, 894 (1906); *Aetna Life Ins. Co. v. McElvain*, 221 Mont. 138, 148, 717 P.2d 1081, 1087 (1986).

¶16     Pam had ample notice that the business owed money to the Dees relating to their equity in the business.  Pam took over the business in May 2001 when she separated from Allan.  The Dees and their lawyer made several calls and sent demand letters to Pam claiming that they had equity in half of the business.  Pam then transferred assets and customers from GFP and filed with the Secretary of State to form RMP, the same business under a new name.  Pam acknowledged that the business assets had originally been purchased with bank notes signed by the Fossens and Dees, that those same assets were the ones she used in her business, and that no deal had ever compensated the Dees for their equity in the business.  All of this occurred before November 4, 2003, when Pam signed the Agreement dividing property and debts between Allan and herself.  By that time, Pam had been put on notice that the Dees claimed an interest.  If Allan did make a fraudulent representation, Pam had no right to rely on this representation in the face of the Dees' asserted interest in her business.

¶17     Pam claims that Allan had a superior knowledge of the business and its debts.  In *Spence v. Yocum*, 201 Mont. 79, 84-85, 651 P.2d 1022, 1025 (1982), we found that an imbalance of knowledge could support a plaintiff's right to rely on a false representation.  But the plaintiff in *Spence* lacked equal *means* to verify a representation.   Spence made several attempts to verify the representation, contacting an accountant and attempting to

verify facts independently, and even then could not correctly verify the representation in question.

¶18   Here, instead of attempting to verify whether the Dees had an interest, Pam transferred all of GFP's assets to RMP. Pam only requested that the Dees prove their interest in response to their demand letters, and made no other attempts to verify whether the Dees had an interest in GFP's assets. Even before these demands, Pam deliberately avoided finding out whether the Dees had an interest ("Q: [Y]ou weren't aware in November of 2000 of any agreement that Al had with [the Dees] to buy them out of the portable toilet business? A: No . . . And I didn't ask . . . I guess I didn't even think about the Dees anymore . . . ."). Further, one month before Pam signed the Agreement, the Dees filed a complaint claiming interest in GFP. The Dees' litigation and demand letters should have put Pam on notice that Allan's representation may have been false, so she cannot claim a right to rely on the representation. Nor can Pam use her deliberate inaction to claim that she was without the means to verify the representation. Because neither party disputes that Pam was aware of the Dees' litigation when she signed the Agreement with Allan, no material issue of fact exists that proves reliance. The District Court properly granted summary judgment against Pam's fraudulent representation claim.

¶19   *Did the District Court err when it determined that Count III of Pam's complaint is dependent on and relates back to Counts I and II?*

¶20   Count III of Pam's complaint asserts:

> If the Plaintiff prevails in it's [sic] claims, then [Allan]'s conduct has given
> rise to the Plaintiff's claims against Defendants herein. In the event the

9

Defendants are found to be liable to Plaintiff in any amount, [Allan] is liable to the defendants for his proportionate share based upon his conduct that is determined to have given rise to any and all obligations and sums determined to be owed the Plaintiff.

Pam argues that the District Court improperly dismissed this Count along with the other two. Under Pam's reading of her complaint, she alleges not only fraud, but also that Allan must indemnify her against any liability from the Dees. This is not how Pam communicated her indemnity count to the District Court. In her Reply Brief Opposing Summary Judgment, Pam states, "[t]he remedies Third Party Plaintiffs seek are damages and indemnity resulting from those fraudulent acts and representations by Allan." Throughout this litigation, Pam framed her indemnity argument as a remedy to Allan's fraud. Thus, the District Court properly concluded that Count III was dependent on the fraud counts.

## CONCLUSION

¶21     For the foregoing reasons, the judgment of the District Court is affirmed.


/S/ MICHAEL E WHEAT


We concur:

/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ BRIAN MORRIS