No. 90-532

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

MARIE JOHNSTON,

    Plaintiff and Appellant,

-vs-

AMERICAN RELIABLE INSURANCE COMPANY,
ROBERT FRANCHUK, DONNA FRANCHUK,
and JANEVA J. GALAYDA,

    Defendants and Respondents.



APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Terry G. Sehestedt, Attorney at Law, Missoula,
Montana

    For Respondents:

        Kim L. Ritter; Milodragovich, Dale & Dye, Missoula,
Montana (American Reliable Insurance)

        Darla J. Keck; Datsopoulos, MacDonald & Lind,
Missoula, Montana (Galayda)

Submitted on Briefs: March 14, 1991

Decided: April 30, 1991

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff brought this action in the District Court of Missoula County alleging conversion and breach of contract. The District Court granted summary judgment in favor of defendants and plaintiff appeals. We remand this cause to the District Court with instructions to enter the grounds for granting summary judgment in favor of both defendants.

Appellant has presented the following issues for review on appeal:

1) Whether the District Court erred in failing to make findings in connection with its orders granting summary judgment to defendants.

2) Whether the District Court erred in denying plaintiff's motion for partial summary judgment.

On May 3, 1988, appellant Marie Johnston entered into a written contract for the purchase of a mobile home from defendants Robert and Donna Franchuk. The home was located on a rental lot owned by Janeva J. Galayda. On June 22, 1988, Johnston purchased a "Deluxe Mobile Homeowners" insurance policy from respondent American Reliable Insurance Company (Reliable). The insurance policy, by its terms, covered Johnston's mobile home and its contents.

On May 6, 1988, shortly after Johnston signed the Franchuks' purchase contract, Johnston paid Galayda the $110 monthly lot rent and moved into the home. There was testimony that Johnston owned

and kept dogs at her home in violation of Galayda's "no dog" policy. Galayda testified that Johnston refused to remove the dogs from the property and that, on May 24, 1988, Galayda sent Johnston a Notice of Default and to Quit based on Johnston's dogs. The Notice of Default gave Johnston fourteen days to leave. Johnston refused to leave and, on June 16, 1988, Galayda filed suit with the Missoula County Justice Court requesting damages and immediate possession of the premises. The Process was served, but Johnston failed to respond and, on July 11, 1988, the Justice Court entered a Default Judgment in favor of Galayda which provided Galayda with possession of the lot.

The District Court also issued a Writ of Assistance on July 11, 1988, ordering that the Missoula County Sheriff physically remove Johnston from the premises. The Missoula County Sheriff served the Writ on Johnston who then vacated the premises, but left the mobile home on the lot. Galayda alleges, in her affidavit, that Johnston abandoned the mobile home. Based on this alleged abandonment, Galayda served Johnston with a Notice of Abandonment dated August 17, 1988, informing her that if the abandoned mobile home was not removed from the premises in fifteen days, it would be stored at Johnston's expense. Galayda sent a copy of this Notice to the Franchuks since they had a legal interest in the property.

On September 2, 1988, Franchuks removed the mobile home. Johnston subsequently filed a claim for theft with Reliable, but Reliable refused to cover her claim. Thereafter, on April 18,

3

1989, Johnston filed a complaint for damages with the District Court against Reliable for breach of the insurance contract, and against Galayda and the Franchuks for wrongful conversion. Subsequently, defendants Franchuks filed for and were granted a discharge in bankruptcy and have since not participated in the case due to a bankruptcy stay. The District Court granted Reliable summary judgment on June 19, 1990 and granted Galayda summary judgment on June 21, 1990. Thereafter, Johnston filed a motion requesting the court make certain findings and amend its summary judgment. This motion was deemed denied by the lapse of forty-five days without action by the District Court. Plaintiff appeals from the orders granting summary judgment and from the denial of her post-judgment motion.

The first issue is whether the District Court erred in failing to specify the grounds for summary judgment. The District Court summarily adjudicated this cause in favor of Galayda and Reliable but failed to specify the grounds or rationale for the rulings. In pertinent part Rule 52(a), M.R.Civ.P., requires:

> However, any order of the court granting a motion under Rules 12 or 56 [summary judgment rule] which is appealable to an appellate court shall specify the grounds therefor with sufficient particularity as to apprise the parties and the appellate court of the rationale underlying the ruling and this may be done in the body of the order or in an attached opinion.

In a similar manner, this Court has stated that district courts should state the reasons for granting summary judgment. Stepanek v. Kober Construction (1981), 191 Mont. 430, 431, 625 P.2d 51, 52. The District Court did not specify the grounds for either of the

4

summary judgment rulings with sufficient particularity to apprise the parties and the appellate court of the rationale underlying the rulings. We therefore remand this cause to the District Court with instructions to specify the grounds for the rulings with sufficient particularity so as to apprise the parties and this Court of the rationale underlying its rulings.

This cause is hereby remanded to the District Court with the foregoing instructions to enter reasons in support of summary adjudication.

_____
Justice

We concur:

_____
Chief Justice

_____
_____
Justices

Chief Justice J. A. Turnage, specially concurring:

I concur in the majority opinion which requires the District Court to enter in the record its reasons for granting summary judgment. The case is properly remanded for such purpose. In reviewing this case upon remand, it is my suggestion that the District Court look at the record with relation to the Justice Court proceeding instituted by Janeva J. Galayda against the appellant and the July 11, 1988, affidavit submitted by Galayda in obtaining a default judgment, apparently for rent.

In part, I make this suggestion for the reason that in the record before us, there is a complaint in Justice Court dated June 16, 1988, wherein Galayda sued Johnson for the reason "that defendant owed back rent from July 1, 1988, in the amount of $110 plus late fee in the amount of $10 . . ." This complaint was dated June 16, 1988. It is somewhat difficult to understand how back rent could be owed from July 1, 1988, when the complaint was filed June 16, 1988. In addition, in the deposition of Galayda at page 36, it is indicated that Galayda received a money order postmarked July 4, 1988, covering June and July rent in the amount of $220. Galayda stated that the money order did not include the "$10 late fee" which was part of her rental agreements. When Galayda was asked if Johnston had ever signed a rental agreement, Galayda responded, "No, she did not."

This case undoubtedly is frustrating to the parties and to the court. However, in reviewing the grant of summary judgment and in

6

the interest of justice, I recommend a thorough review of the record.

_____
Chief Justice