JUSTICE TRIEWEILER,
dissenting:
I dissent from the opinion of the majority.
This Court has as recently as April 30, 1991, refused to affirm summary dispositions of claims where the record is incomplete. Johnston v. American Reliable Ins. Co., et al., [248 Mont. 227,] 48 St.Rep. 405, 810 P.2d 1189 (Mont. 1991).
Pursuant to Rule 52(a), M.R.Civ.P.:
“[A]ny order of the court granting a motion under Rules 12 or 56 which is appealable to an appellate court shall specify the grounds therefor with sufficient particularity as to apprise the parties in the appellate court of the rationale underlying the ruling and this may be done in the body of the order or in an attached opinion.”
Plaintiff’s complaint was dismissed by the District Court pursuant to Rule 12(b)(6) for failing to state a claim upon which relief can be granted. Therefore, pursuant to Rule 52, plaintiff and this Court were entitled to an explanation from the District Court of the grounds for the dismissal of each of plaintiff’s claims.
In this case, plaintiff’s complaint alleges at least ten bases for relief. The District Court’s order dismissed all of them, but gave reasons only for the dismissal of plaintiff’s petition to set aside an administrative order and plaintiff’s claim for relief under 42 U.S.C. § 1983. The majority has now found both of those grounds to be either incorrect or inadequate, although they have, sua sponte, found another basis for denying review of the State Superintendent’s order.
The record in this case is almost nonexistent. The factual bases for the plaintiff’s claims and the legal bases for the denial of those claims have not been developed in the District Court.
*471 It is particularly troubling that on the basis of this inadequate record this Court would enter such an expansive decision concluding that plaintiff has no right to any appeal under the Administrative Procedure Act; she has absolutely no rights under the collective bargaining agreement; and yet, she is precluded from recovery under either the Wrongful Discharge Act or pursuant to her employer’s duty of good faith and fair dealing, because at all times relevant she was covered by a collective bargaining agreement. This decision would seem to leave untenured teachers uniquely unprotected under Montana law from retaliatory action by their employers. On the basis of this record, I am unwilling to arrive at such a sweeping conclusion.
For these reasons, I would remand this case to the District Court for proper compliance with Rule 52(a), M.R.Civ.P, before further consideration by this Court.
JUSTICE HUNT concurs with the foregoing dissent of JUSTICE TRIEWEILER.