No. 91-582

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

RAVALLI COUNTY BANK,
a Montana Banking Corporation,

Plaintiff and Respondent,

-vs-

JAY M. GASVODA, a/k/a JAY M.
GASVODA CONSTRUCTION, d/b/a
GASVODA CONSTRUCTION, SALLY A.
GASVODA, and ROLAND L. SAUTER,
d/b/a BILLINGS TRUCK SALVAGE,

Defendants and Appellants.

FILED

JUN - 4 1992

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Ravalli,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Lewis E. Brueggemann; Brueggemann Law Office,
Billings, Montana.

For Respondent:

Thomas P. Koch; Koch, McKenna, Goheen & Weber,
Hamilton, Montana.

Submitted on Briefs: March 26, 1992

Decided: June 4, 1992

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the Fourth Judicial District Court, Missoula County, Montana, which granted respondent, Ravalli County Bank (the Bank), summary judgment against the counterclaim of appellant, Roland L. Sauter (Sauter). We reverse and remand.

The case at bar stems in part from two previous cases. In those cases Sauter filed suit in Justice Court against Jay M. Gasvoda (Gasvoda), d/b/a J.M.C. Ranch, for Gasvoda's non-payment of repairs Sauter made to Gasvoda's truck. Sauter prevailed in both suits and obtained two judgments on May 16, 1985, totaling nearly $4,300. Subsequently, Sauter filed abstracts of judgments with the Ravalli County Clerk of Court against Gasvoda's real property.

On April 17, 1985, approximately one month prior to Sauter's judgments against Gasvoda, the Bank, which previously made numerous loans to Gasvoda, obtained and recorded an additional mortgage on Gasvoda's real property in the amount of $14,872.31.

Over five years later, in a letter dated April 20, 1990, Mr. L. Neeley (Neeley), the Vice-President of the Bank, refused to restructure Gasvoda's mortgage due to existing exceptions, liens, and judgments on the property. The letter informed Gasvoda that foreclosure proceedings would commence on June 1, 1990, unless the exceptions were satisfied. In May of 1990, Sauter's counsel received a letter from Gasvoda asking that Sauter's judgments be settled for $2,000 to avoid foreclosure on June 1, 1990.

On April 17, 1991, the Bank initiated foreclosure proceedings

2

on Gasvoda's April 17, 1985 mortgage. Sauter was also named as a defendant because of the judgment liens he held against Gasvoda. The complaint indicated that under the mortgage, Sauter's judgment liens were subordinate and inferior to the rights of the Bank.

Sauter filed his answer and counterclaim on May 31, 1991, based on alternative theories of fraud. Sauter alleged that either the Bank conspired to aid and assist Gasvoda in the mortgage of his real property to the fraudulent detriment of Sauter, and\or the Bank was grossly negligent in not discovering Sauter's pending litigation against Gasvoda when it took an additional mortgage against Gasvoda's property on April 17, 1985.

After Sauter responded to the Bank's request for admissions, all of which he denied, the Bank moved for summary judgment on Sauter's counterclaim. The motion for summary judgment was based on Sauter's denials to the request for admissions, an affidavit of Neeley, and supporting memoranda. After a hearing on the summary judgment motion on October 16, 1991, the District Court found no genuine issues of material fact and granted the Bank's motion for summary judgment. Sauter now appeals the order of the District Court.

The issue on appeal is whether the District Court erred in granting summary judgment against Sauter's counterclaim for fraud when it failed to specify grounds on which to base such a conclusion.

Summary judgment is proper only when no genuine issues of material fact exist and the moving party is entitled to judgment as

3

a matter of law. Rule 56(c), M.R.Civ.P.; also see Cereck v. Albertson's Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 510. The party moving for summary judgment has the initial burden of proof to show that no genuine issues of material fact exist. Westmont Tractor Co. v. Continental I, Inc. (1986), 224 Mont. 516, 521, 731 P.2d 327, 330. Once the moving party meets the burden, the non-moving party must establish that genuine issues of material fact exist. Simmons v. Jenkins (1988), 230 Mont. 429, 432, 750 P.2d 1067, 1069.

When granting summary judgment the trial court "shall specify the grounds therefor with sufficient particularity as to apprise the parties and the appellate court of the rationale underlying the ruling and this may be done in the body of the order or in an attached opinion." Rule 52(a), M.R.Civ.P.

In Johnston v. American Reliable Ins. Co. (1991), 248 Mont. 227, 810 P.2d 1189, we encountered a situation similar to the case at bar with regard to the district court granting summary judgment. In Johnston, we remanded with instructions and stated:

> The District Court did not specify the grounds for either of the summary judgment rulings with sufficient particularity to apprise the parties and the appellate court of the rationale underlying the rulings. We therefore remand this cause to the District Court with instructions to specify the grounds for the rulings with sufficient particularity so as to apprise the parties and this Court of the rationale underlying its rulings.

Johnston, 248 Mont. at 229-230, 810 P.2d at 1191.

In the case at bar we arrive at the same conclusion. The District Court did not adhere to Rule 52(a), M.R.Civ.P., when it failed to specify the grounds for the summary judgment ruling with

4

sufficient particularity. Therefore, we remand this case to the District Court with instructions to proceed in accordance with this opinion. Reversed and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

June 4, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Lewis E. Brueggemann
Brueggemann Law Office
346 Hart-Albin Bldg.
Billings, MT 59101

Thomas Koch
Koch, McKenna, Goheen & Weber
P. O. Box 389
Hamilton, MT 59840

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy