DA 07-0501

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 33

IN RE THE MARRIAGE OF:

LISA JANE BANKA,

Petitioner and Appellant,

and

DOUGLAS CHARLES BANKA,

Respondent and Appellee.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and for the County of Pondera, Cause No. DR 99-24
Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jeremy S. Yellin, Attorney at Law, Havre, Montana

For Appellee:

Shari M. Gianarelli, Attorney at Law, Conrad, Montana

Submitted on Briefs:  April 30, 2008

Decided:  February 10, 2009

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 In connection with the dissolution of their marriage in 2001, Lisa Banka (Lisa) and Douglas Banka (Douglas) agreed to a parenting plan concerning their two children which was then ordered by the District Court. This parenting plan was modified in February 2006 to provide Douglas with only supervised visitation. Following another Motion to Modify Parenting Plan filed in February 2007, the District Court for the Ninth Judicial District, Pondera County, issued two written orders. Lisa Banka appeals these orders which modified the February 2006 parenting plan. We conclude that we must reverse and remand as the orders appealed from are not supported by findings of fact or conclusions of law.

¶2 Petitioner and Respondent were married on June 6, 1992. They had two children. The marriage was dissolved September 11, 2001, and a parenting plan was established. Lisa lives in Shelby. Douglas lives south of Conrad. The 2001 parenting plan provided that Douglas was to have the children with him two out of three weekends. During the summer, the children were to reside with Douglas beginning the first weekend of summer break and ending four days before school was to resume. Lisa would have the children with her two out of three weekends and for two weeks during the summer. Holidays were alternated. Lisa was denominated primary caregiver for the two children.

¶3 The District Court found Douglas in contempt of court for violating an order not to discuss counseling records with the children and, as a result, modified the September 2001 parenting plan in February of 2006 to provide that Douglas was to have only supervised parenting time.

2

¶4     Douglas later moved to modify the February 2006 parenting plan. On April 25, 2007, the District Court held a hearing on Douglas's motion. At the hearing, Lisa conceded that visitation with Douglas did not have to be supervised but argued the new parenting plan should not otherwise be substantially modified. The trial judge discussed the matter with counsel on the record, heard from three of the proposed witnesses, and announced its decision from the bench.

¶5     The District Court eliminated the requirement of supervised visitation, reinstated weekend overnight parenting times and the summer parenting time schedule, and ordered alternating holidays with the children. The new parenting plan essentially reverted back to the arrangement in the 2001 parenting plan. The District Court also ordered consultation with a family counselor and an evaluation of the children.

¶6     The District Court stated on the record that the new parenting plan was to be a permanent schedule, requiring for modification that a change has occurred in the circumstances of the children and that the amendment is necessary to serve the best interests of the children. Section 40-4-219, MCA. The District Court also ordered an evaluation of the parties and children, stated it reserved the right to amend the parenting plan following such evaluation, and stated that the parents would have the opportunity to request a hearing on any modifications.

¶7     On May 2, 2007, the District Court entered its written order establishing the new parenting plan pronounced from the bench at the April 25 hearing. The District Court entered no findings of fact or conclusions of law supporting this written order.

3

¶8 On July 18, 2007, following the evaluation, without a further hearing, the District Court issued a second written order modifying the May 2007 parenting plan. It prohibited a child's contact with the absent parent while with the other parent. It mandated family therapy and modified the summer parenting schedule. The District Court entered no findings of fact or conclusions of law supporting its July 18, 2007, order.

¶9 When considering parenting plan modifications, we review the findings of fact underlying a district court's decision to modify a parenting plan for whether they are clearly erroneous. *Jacobsen v. Thomas*, 2006 MT 212, ¶ 13, 333 Mont. 323, 142 P.3d 859. If these underlying findings are not clearly erroneous, then we will overturn the District Court only if there is a clear abuse of discretion. *Jacobsen*, ¶ 13. Here, however, no findings of fact were entered. Adequate findings of fact and conclusions of law are required, as without them this Court is forced to speculate as to the reasons for the District Court's decision. *Jacobsen*, ¶ 19; *Jones v. Jones*, 190 Mont. 221, 224, 620 P.2d 850, 852 (1980).

¶10 The Montana Rules of Civil Procedure require that a district court "shall find the facts specially and state separately its conclusions of law thereon." M. R. Civ. P. 52(a). Rule 52(a) requires findings of fact which are a recordation of the essential and determining facts upon which the district court rested its conclusions of law and without which the district court's judgment would lack support. *In re Marriage of Barron,* 177 Mont. 161, 164, 580 P.2d 936, 938 (1978). If the record does not contain the essential facts underlying the decision, this Court cannot conduct a meaningful review on appeal and we must remand to

allow the district court to issue additional findings that clarify its rationale. *In re Marriage of Mills,* 2006 MT 149, ¶¶ 20-21, 332 Mont. 415, 138 P.3d 815.

¶11 The record does seem to indicate that these parents insist on promoting a selfish agenda aimed at tearing each other down in the eyes of their children. However, as we are unable to ascertain what essential and determining facts the District Court relied upon when fashioning a parenting plan, we must remand to the District Court for entry of findings of fact and conclusions of law which underlie its decisions to modify the last existing plan and support the parenting arrangements ordered.

¶12 Remanded for entry of findings of fact, conclusions of law, and an order establishing a parenting plan.

/S/ JOHN WARNER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS