DA 13-0392

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 84

WILLIAM SEAMSTER,

> Plaintiff and Appellant,

v.

MUSSELSHELL COUNTY
SHERIFF'S OFFICE,

> Defendant and Appellee.

APPEAL FROM:   District Court of the Fourteenth Judicial District,
In and For the County of Musselshell, Cause No. DV 12-55
Honorable Jon A. Oldenburg, Presiding Judge

COUNSEL OF RECORD:

> For Appellant:

> Penelope S. Strong; Attorney at Law; Billings, Montana

> For Appellee:

> Maureen H. Lennon; MACo Defense Services; Helena, Montana

Submitted on Briefs:  March 5, 2014
Decided:  April 1, 2014

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 William Seamster appeals the order of the Fourteenth Judicial District Court, Musselshell County, denying him leave to amend his complaint and dismissing his complaint without prejudice. We address the following issues on appeal:

¶2 *1. Whether the District Court's order is an appealable order.*

¶3 *2. Whether the District Court erred in denying Seamster's motion for leave to amend and dismissing his complaint.*

¶4 We reverse and remand.

## PROCEDURAL AND FACTUAL BACKGROUND

¶5 This appeal arises from a constructive discharge claim filed by William Seamster on November 13, 2012. The complaint named the Musselshell County Sheriff's Office as the sole defendant. On January 11, 2013, the Sheriff's Office filed a motion to dismiss the complaint.[1] It argued that "the Musselshell County Sheriff's Office is not an independent legal entity subject to suit." Seamster moved for leave to amend the complaint on January 24, 2013 to "add[] as an additional Defendant . . . Musselshell County."[2] On May 6, 2013, the District Court issued an order denying Seamster's motion to amend and granting the Sheriff's Office's motion to dismiss without prejudice.

[1] In Seamster's notice of appeal, he included Musselshell County as a Defendant-Appellee. Because the District Court did not grant Seamster's motion to amend the complaint, Musselshell County is not a named defendant in this action. We have recaptioned the case to reflect this.
[2] Section 2-9-102, MCA, authorizes suits against "governmental entities," which includes political subdivisions. Section 2-9-101(5), MCA, defines political subdivisions as "any county, city, municipal corporation, school district, special improvement or taxing district, or other political subdivision or public corporation." At the trial court, Seamster argued that the Sheriff's Office may meet the applicable definition. On appeal, however, he appears to concede that the Sheriff's Office is not a proper defendant.

Seamster's proposal would have retained the Musselshell County Sheriff's Office as a defendant. Thus, the court concluded that allowing Seamster to amend would not cure the problem with his complaint. Seamster now appeals the court's order.

## STANDARD OF REVIEW

¶6 A district court's ruling on a motion for leave to amend is reviewed for an abuse of discretion. *Bitterroot Intl. Sys. v. W. Star Trucks, Inc.*, 2007 MT 48, ¶ 48, 336 Mont. 145, 153 P.3d 627 (citing *Lindey's Inc. v. Prof. Consults.*, 244 Mont. 238, 242, 797 P.2d 920, 923 (1990)). We review de novo a court's order granting a motion to dismiss under M. R. Civ. P. 12(b)(6). *Tally Bissell Neighbors, Inc. v. Eyrie Shotgun Ranch*, 2010 MT 63, ¶ 15, 355 Mont. 387, 228 P.3d 1134.

## DISCUSSION

¶7 *1. Whether the District Court's order is an appealable order.*

¶8 The Sheriff's Office requests that we dismiss the appeal because the District Court's order is a nonappealable order. Seamster argues that the order is appealable as a final judgment because the statute of limitations for his constructive discharge claim expired prior to the court's order.

¶9 M. R. App. P. 6 provides that a party may appeal from a final order. The rule lists orders appealable in a civil case, "provided that the order is the court's final decision on the referenced matter." M. R. App. P. 6(3). Neither order appealed by Seamster is listed. We have held, however, that an order dismissing a complaint without prejudice may be appealable under special circumstances. *Farmers Union Mut. Ins. Co. v. Bodell*, 2008

3

MT 363, ¶ 18, 346 Mont. 414, 187 P.3d 913. Special circumstances include both the "running of a statute of limitations" and when "the practical effect of the order of dismissal terminates the litigation." *Farmers Union*, ¶ 18.

¶10 In determining whether the court's order is appealable, the dispositive question is whether Seamster would be barred by the statute of limitations from refiling his complaint. When Seamster filed his motion to amend the complaint to add Musselshell County, his amendment properly would have related back to the date he filed the initial complaint. "The expiration of the applicable statute of limitations does not bar an amended pleading when the amendment fits the requirements of M. R. Civ. P. 15(c)." *H & H Dev., LLC v. Ramlow*, 2012 MT 51, ¶ 17, 364 Mont. 283, 272 P.3d 657. Montana Rule of Civil Procedure 15(c) contemplates a situation in which a plaintiff mistakenly names the wrong defendant in its lawsuit and the statute of limitations expires before the proper party is substituted. It provides in part, "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted." M. R. Civ. P. 15(c)(1)(C). In this case, as Musselshell County had notice of the amended complaint within the time for service of the initial complaint, the amendment would have related back to the date of original filing. M. R. Civ. P. 15(c)(1)(C)(i) and (ii).

¶11 Because the District Court denied leave to amend and dismissed Seamster's complaint, however, there is no pleading before the court that now could be amended to supply a relation-back date for filing. Seamster would have to file a new complaint under

4

a new cause number. Rule 15(c) only provides for an amendment—not a new pleading—to relate back to the date of the original pleading. M. R. Civ. P. 15(c); *See also* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, vol. 6A, § 1496 n.2 (3d ed., West 2010) (Relation back doctrine "has application only in instances in which the original pleading is amended . . . the amendment does not relate back to any prior proceeding."). Thus, this remedy is unavailable to him.[3]

¶12 The Sheriff's Office claims that Seamster "arguably" could assert equitable tolling in order to refile his claim. Equitable tolling extends the statute of limitations in situations when a party "reasonably and in good faith pursues one of several possible legal remedies . . . ." *Schoof v. Nesbit*, 2014 MT 6, ¶ 33, __ Mont. __, 316 P.3d 831 (internal citations omitted). Equitable tolling also may be applied in "rare and exceptional circumstances," such as when a "defendant is responsible for concealing the existence of [a] plaintiff's cause of action." *Schoof*, ¶ 35 (internal citations omitted). We conclude that this remedy would not assist Seamster. A complaint against the Sheriff's Office, an entity immune from suit, would not constitute "one of several possible legal remedies." Nor was Seamster prevented by Musselshell County or its Sheriff's Office from learning the identity of the proper party defendant. No other "rare and exceptional" circumstances appear to apply. Because the statute of limitations prevents Seamster from

---

[3] Neither party raises the "savings statute," § 27-2-407, MCA, which allows for a one-year extension of the statute of limitations when a timely-filed complaint is dismissed. We therefore do not discuss its applicability here, but observe that we have disallowed the savings statute from renewing a complaint against a party not named in the original complaint. *Williams v. Zortman Mining*, 275 Mont. 510, 514, 914 P.2d 971, 973 (1996).

5

refiling his complaint, the practical effect of the court's order acts as a final judgment. Accordingly, we conclude that the court's order is appealable.

¶13    *2. Whether the District Court erred in denying Seamster's motion for leave to amend and dismissing his complaint.*

¶14    Seamster sought leave to amend his complaint in accordance with M. R. Civ. P. 15. Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Although district courts have discretion in granting leave to amend, we have held that Rule 15(a) "favors allowing amendments." *Bitterroot*, ¶ 50. We have articulated circumstances justifying a court's denial of a motion to amend. Such situations include when the denial is "for an apparent reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, futility of the amendment, etc." *Bitterroot*, ¶ 50 (internal citations omitted).

¶15    We agree with the District Court that it is important to have the correct parties before the court and that Seamster should have dismissed the Sheriff's Office as a named defendant in his proposed amended complaint. The District Court's time would not have been taken with the procedural minutiae, and this appeal could have been avoided. Nevertheless, under the circumstances, the court's refusal to allow Seamster to substitute the correct party constituted an abuse of discretion. The court stated that the amendment would be "futile" because it would not remove a party immune from suit. This ignores

6

the effect of the amendment, which would have added the proper party. Such an amendment certainly is not meaningless. Because misjoinder of parties is not a ground for dismissing an action, the proper remedy would have been to dismiss the Sheriff's Office as a party and allow the amended complaint to proceed. M. R. Civ. P. 21 ("On motion or on its own, the court may at any time . . . add or drop a party."); *see also White v. Lobdell*, 196 Mont. 156, 162, 638 P.2d 1057, 1060 (1984).

¶16 The facts under which we have upheld a court's denial of a party's motion to amend are not present in this case. The Sheriff's Office does not allege, nor does any evidence suggest, that Semester's request was made in bad faith. It is also clear that allowing the amendment would not prejudice the opposing party, who, as the political subdivision overseeing the Sheriff's Office and having been named in the amended complaint, was on notice that it was being sued.

¶17 Refusing to allow Seamster to amend his complaint, however, resulted in substantial prejudice. Due to the running of the statute of limitations, the court's denial prevented him from refiling his constructive discharge claim. Such a result is contrary to the purpose of Rule 15—"to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." Wright, Miller & Kane, *Federal Practice and Procedure*, § 1471; *see also H & H Dev.*, ¶ 17 (Rule 15(c) "allows a court to render a dispositive decision on the merits of a party's argument, rather than on technicalities."). Under these circumstances, we conclude that justice required the court

7

to allow Seamster leave to amend his complaint to name the proper party.  Accordingly, we reverse its order dismissing Seamster's complaint and remand for further proceedings.


/S/ BETH BAKER


We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE