FILED

07/22/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0619

DA 24-0619

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 156

JAMES MARION DEL DUCA,

      Plaintiff and Appellant,

  v.

ARIA SKYDANCER,

      Defendant and Appellee.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-24-759
Honorable Rienne H. McElyea, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         James Marion Del Duca, Self-Represented, Bozeman, Montana

      For Appellee:

         Andrea J. Utick Fox, Fox Law Firm, Kalispell, Montana

Submitted on Briefs:  April 30, 2025

Decided:  July 22, 2025

Filed:

_____
                Clerk

Chief Justice Cory J. Swanson delivered the Opinion of the Court.

¶1 James Marion Del Duca filed a complaint against his ex-wife, Aria Skydancer, alleging Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress. The Eighteenth Judicial District Court for Gallatin County dismissed his claim with prejudice, on Skydancer's motion to dismiss for failure to state a claim, pursuant to Montana Rule of Civil Procedure 12(b)(6). Del Duca now appeals the order of dismissal, raising four issues: (1) the District Court erred in concluding he failed to state a claim for which relief can be granted; (2) the District Court erred in dismissing his case with prejudice; (3) the District Court abused its discretion by denying his request to amend his complaint; and (4) the District Court erred in failing to explain its ruling. We reverse and remand on the last issue, and do not address the remaining issues.

¶2 We restate the issue on appeal as follows:

*Whether the District Court erred in failing to explain its ruling.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 James Del Duca and Aria Skydancer were previously married and have three children. The appellate case record does not indicate when the two divorced. At the time of their divorce, the two parties were splitting time between Boulder, Colorado, and Bozeman, Montana. Under their initial parenting plan, Skydancer would reside in Montana for the school year to help facilitate the 50-50 shared parenting plan. Eventually, due to financial burdens of residing in both Colorado and Montana, Skydancer asked the Colorado District Court to modify the parenting agreement. She wanted to fully reside in Colorado

2

with the three children.  In August 2023, the Colorado court granted Skydancer's request to modify the parenting plan, and she relocated to Colorado with the children.

¶4     Subsequently, on July 9, 2024, Del Duca filed a Complaint and Demand for Jury Trial in the Eighteenth Judicial District Court for Gallatin County.  In his complaint, Del Duca alleged Skydancer intentionally and negligently inflicted emotional distress (IIED and NIED claims, respectively) upon him over a dispute with the parenting plan.

¶5     Skydancer filed a Motion and Brief to Dismiss, and Request for Attorney's Fees. She supported the motion with an affidavit.  Skydancer's motion sought dismissal pursuant to M. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  She argued Del Duca failed to lay even a bare factual basis for an IIED claim.  She argued he did not "state any facts to support him suffering a serious or severe level of distress." "Nothing in [Del Duca's] complaint indicated any way in which [Del Duca's] alleged level of distress would have been a foreseeable consequence of anything that occurred between the parties."

¶6     On August 19, 2024, Del Duca moved to amend his complaint, but failed to attach a copy of his proposed amended complaint.  In his motion, Del Duca stated he sought to add another defendant to the complaint, and "to cure defects or omission and to allege new facts and matters arising out of continuing violation of the law."  Del Duca also filed a response brief opposing Skydancer's motion to dismiss. He stated, "through physical evidence and witness testimony," he would demonstrate Skydancer "intentionally inflicted serious or severe emotional distress upon himself and the minor children . . . ."  Del Duca reiterated he "is preparing to present conclusive evidence and testimony at trial."  At that

3

point, he still had not averred any specific details or provided evidence or factual assertions purporting to prove he suffered emotional distress.

¶7 On October 1, 2024, the District Court issued an Order of Dismissal and Denying Attorneys Fees. In its entirety, the Order stated:

> Defendant has, by and through limited scope counsel of record, filed a *Motion and Brief to Dismiss; Request for Attorneys Fees*. Based upon the foregoing, and good cause appearing, Defendant's motion is GRANTED in part.
> IT IS HEREBY ORDERED that the above-captioned action is dismissed.[1]
> IT IS FURTHER ORDERED that [Defendant's][2] request for attorney fees is DENIED.
> IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Allow for Amended Complaint and Demand for Jury Trial is DENIED.

(Emphasis in original.)

¶8 Del Duca now appeals this order. Since Skydancer did not appeal the denial of attorney fees, we do not review that issue.

## STANDARD OF REVIEW

¶9 A district court's ruling on a motion for leave to amend is reviewed for abuse of discretion. *Seamster v. Musselshell Cty. Sheriff's Office*, 2014 MT 84, ¶ 6, 374 Mont. 358,

---

[1] Montana Rule of Civil Procedure 41 states, in a case of an involuntary dismissal, "Unless the dismissal order states otherwise, . . . any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." M. R. Civ. P. 41(b). While the order does not state whether the dismissal was with prejudice, this dismissal was involuntary, and it was not a dismissal for lack of jurisdiction, improper venue, or failure to join a party. Therefore, it appears the dismissal operated as an adjudication on the merits.

[2] The original order stated the court was denying Plaintiff's request for attorney's fees. However, it was Skydancer, and not Del Duca, who requested attorney's fees. It is evident from the record the District Court denied the Defendant's attorney's fees.

4

321 P.3d 829. We review de novo a court's order granting a motion to dismiss under M. R. Civ. P. 12(b)(6). *Seamster*, ¶ 6. We review a district court's order on summary judgment de novo, according to the standards of M. R. Civ. P. 56. *Meagher v. Butte-Silver Bow City-County*, 2007 MT 129, 337 Mont. 339, 160 P.3d 552.

## DISCUSSION

¶10 *Whether the District Court erred in failing to explain its ruling.*

¶11 Del Duca relies on M. R. Civ. P. 52(a)(3) to argue the District Court erred by not explaining its ruling. Rule 52(a)(3) requires a court to specify the grounds for a ruling on a Rule 12(b)(6) motion.

> (a) Findings and Conclusions.
>
> .  .  .
>
> (3) For a Motion. The court is not required to state findings or conclusions when ruling on a motion unless these rules provide otherwise. When ruling on a motion under Rule 12 or 56, a court shall specify the grounds therefor with sufficient particularity as to apprise the parties and any appellate court of the rationale underlying the ruling. This may be done in the body of the order or in an attached opinion.

M. R. Civ. P. 52(a)(3). This was not always the case. From its first enactment in 1961, Rule 52(a) stated "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)." M. R. Civ. P. 52(a) (1961). Under Rule 41(b), "If the court renders the judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)." M. R. Civ. P. 41(b) (1961). The Rule then stated any involuntary "dismissal under Rule 41(b)] and dismissal not provided for in [Rule 41], other than a dismissal for lack of

5

jurisdiction or for lack of an indispensable party, operates as an adjudication upon the merits."  M. R. Civ. P. 41(b) (1961).

¶12    In 1984, Rule 52(a) was modified to state:

> Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b).  However, any order of the court granting a motion under Rules 12 or 56 which is appealable to an appellate court shall specify the grounds therefor with sufficient particularity as to apprise the parties and the appellate court of the rationale underlying the ruling and this may be done in the body of the order or in an attached opinion.  The court may require any party to submit proposed findings of fact and conclusions of law for the court's consideration and the court may adopt any such proposed findings or conclusions so long as they are supported by the evidence and law of the case.

M. R. Civ. P. 52(a) (1985).  The 1984 amendments did not modify Rule 41(b).  *See* M. R. Civ. P. 41(b) (1985).  Rule 41(b) was amended in 1993, to remove the "court shall make findings" language.  *See* M. R. Civ. P. 41(b) (1993).

¶13    The rules remained the same until, under "The Style Project," the Federal Rules of Civil Procedure were restyled and their language was modernized.  *See generally* Fed. R. Civ. P. 1, *Annotations*, Advisory Committee Note (2007).  Montana followed suit, and in 2011, it issued its restructured version of the Montana Rules of Civil Procedure.  The restyled Rule 52(a)(3) simply stated:

> (a)(3) The court is not required to state findings or conclusions when ruling on a motion unless these rules provide otherwise . . . .

M. R. Civ. P. 52(a)(3) (2011).  The restyled Rule 52(a)(3) was modified in 2016, when the rule added:

> The court is not required to state findings or conclusions when ruling on a motion unless these rules provide otherwise. <u>When ruling on a motion under</u>

> Rule 12 or 56, a court shall specify the grounds therefor with sufficient
> particularity as to apprise the parties and any appellate court of the rationale
> underlying the ruling. This may be done in the body of the order or in an
> attached opinion.

M. R. Civ. P. 52(a)(3) (2016) (additions underlined).

¶14 The 2016 amendment (underlined above) to Rule 52(a)(3) re-inserted identical language from the pre-2011 version. Thus, we rely upon our pre-2011 cases for guidance when interpreting the re-enacted language. "It is a settled rule of construction that when existing statutes are re-enacted the effect is merely to continue them in force in their original sense." *See Snidow v. Mont. Home for the Aged*, 88 Mont. 337, 346, 292 P. 722, 725 (1930) (citation omitted). We turn now to the question of whether the District Court provided grounds for its order, with sufficient particularity for the parties and this Court to understand its rationale.

¶15 In *Johnston v. Am. Reliable Ins. Co.*, a district court failed to "specify the grounds for either of the summary judgment rulings with sufficient particularity to apprise the parties and the appellate court of the rationale underlying the rulings." *Johnston v. Am. Reliable Ins. Co.*, 248 Mont. 227, 229, 810 P.2d 1189, 1191 (1991). Relying on the "shall specify" language, we remanded the case to the district court with instructions to specify the grounds for the ruling. *Johnston*, 248 Mont. at 229–30, 810 P.2d at 1191.

¶16 In *In re Marriage of Banka*, 2009 MT 33, 349 Mont. 193, 201 P.3d 830, we reviewed two district court orders modifying a parenting plan. Neither order contained findings of facts and conclusions of law. *In re Marriage of Banka*, ¶¶ 7–8. After reviewing the orders, we concluded "if the record does not contain the essential facts underlying the

7

decision, this Court cannot conduct a meaningful review on appeal and we must remand to allow the district court to issue additional findings that clarify its rationale." *In re Marriage of Banka*, ¶ 10 (citing *In re Marriage of Mills*, 2006 MT 149, ¶¶ 20–21, 332 Mont. 415, 138 P.3d 815). We held the district court erred and remanded for new findings, because "[a]dequate findings of fact and conclusions of law are required, as without them this Court is forced to speculate as to the reasons for the District Court's decision." *In re Banka*, ¶ 9 (citing *Jacobsen v. Thomas*, 2006 MT 212, ¶ 13, 333 Mont. 323, 142 P.3d 859; *Jones v. Jones*, 190 Mont. 221, 224, 620 P.2d 850, 852 (1980)).

¶17 It is worth noting that the standard for ruling on motions for summary judgment, or a motion to amend a parenting plan, is different than the standard on motions to dismiss. The main difference relates to the findings of fact. In a motion to dismiss, the court assumes all well-pled factual assertions are true. *Mont. Interventional & Diagnostic Radiology Specialists, PLLC v. St. Peter's Hosp.*, 2015 MT 258, ¶ 11, 381 Mont. 25, 355 P.3d 777. In summary judgment, the court assumes all undisputed material facts are true; if there is any dispute as to a material fact, summary judgment should be denied. *Cremer Rodeo Land & Livestock Co. v. McMullen*, 2023 MT 117, ¶ 17, 412 Mont. 471, 531 P.3d 566. In issuing a summary judgment ruling, the court, at the very least, must state the undisputed facts and conclusions of law underlying the ruling. Merely stating the ruling is "based upon the foregoing" motion is inadequate and does not apprise this Court of the rationale underlying the ruling.

¶18 Additionally, the record contained affidavits and evidence beyond the pleadings. Rule 12(d) allows the court to convert a motion to dismiss into a motion for summary

8

judgment when matters outside the pleadings are presented to the court. M. R. Civ. P. 12(d). However, the rule requires "all parties [to] be given reasonable opportunity to present all material that is pertinent to such a motion." M. R. Civ. P. 12(d). It is unclear whether the court relied on the additional information presented in the affidavits. When a Rule 12(b)(6) motion to dismiss is granted, it is often granted without prejudice. On the other hand, motions for summary judgment are granted with prejudice as they are adjudications on the merits. *Meagher*, ¶ 20. Here, the dismissal is with prejudice, but there is no notice from the District Court of converting the motion on the pleadings to a motion for summary judgment.

¶19 In her supporting affidavit, Skydancer highlights the history of the parental dispute. In doing so, Skydancer notes the IIED and NIED claims stem from her asserting her legal rights. We have held that a privileged action cannot become the sole basis for a claim for infliction of emotional distress, noting that "an actor does not engage in outrageous or extreme conduct simply by exercising a legal right." *Judd v. Burlington N. & Santa Fe Ry.*, 2008 MT 181, ¶ 30, 343 Mont. 416, 186 P.3d 214 (citation omitted); *see also* Restatement (Second) of Torts, § 46 cmt. g, (1965) ("The actor is never liable, for example, where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress"). The court's failure to explain the basis for its holding leaves us, and the parties, to speculate if the court dismissed the case on that basis. If the court considered the facts as alleged in the affidavit, it would have needed to provide Del Duca an opportunity to

9

respond. The court's findings of fact and conclusions of law would inform this Court about the nature of the court's order.

¶20 The court's failure to provide a basis also affects its denial of Del Duca's motion for leave to amend the complaint under Rule 15(a)(2). We review denial of leave to amend for abuse of discretion. *Deschamps v. Treasure State Trailer Court, Ltd.*, 2010 MT 74, ¶ 18, 356 Mont. 1, 230 P.3d 800 (citation omitted). "Although leave to amend is properly denied when the amendment is futile or legally insufficient to support the requested relief, it is an abuse of discretion to deny leave to amend where it cannot be said that the pleader can develop no set of facts under its proposed amendment that would entitle the pleader to the relief sought." *Hobble-Diamond Cattle Co. v. Triangle Irrigation Co.*, 249 Mont. 322, 325, 815 P.2d 1153, 1155–56 (1991). Rule 52(a)(3) does not require a district court to state its basis for denying a Rule 15(a)(2) motion. However, because the District Court in this case failed to provide a particularized basis for dismissing the case with prejudice, we are unable to determine whether the court abused its discretion in denying leave to amend the complaint. As such, we must remand the case for the District Court to specify its basis for denying the motion for leave to amend the complaint.

¶21 We do not reach the remainder of the issues presented on appeal and remand solely upon this issue.

**CONCLUSION**

¶22 The District Court's Order of Dismissal and Denying Attorney's Fees is vacated, and this matter is remanded with instructions to provide an order that specifies with particularity the grounds underlying its rulings, consistent with M. R. Civ. P. 52(a)(3).

10

Specifically, the District Court shall explicitly clarify whether it converted the Rule 12(b)(6) motion into a motion for summary judgment pursuant to Rule 12(d) and, if so, ensure proper notice and opportunity to present factual material to all parties. Additionally, the court shall specify the reasons for dismissing Del Duca's claims of intentional and negligent infliction of emotional distress, clearly identifying any deficiencies in the pleadings. Finally, the court shall also expressly state the reasons for denying Del Duca's motion to amend his complaint, addressing whether the amendment is futile, untimely, or prejudicial.

/S/ CORY J. SWANSON

We Concur:

/S/ KATHERINE M BIDEGARAY
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ JIM RICE

11