FILED

11/02/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0616

DA 20-0616

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 282N

BENJAMIN M. DARROW,

      Petitioner and Appellant,

    v.

THE EXECUTIVE BOARD OF THE MISSOULA COUNTY
DEMOCRATIC CENTRAL COMMITTEE, and DAVID
KENDALL, individually, and in his position as CHAIR of the
MISSOULA COUNTY DEMOCRATIC CENTRAL
COMMITTEE,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DV 19-60
                    Honorable Howard F. Recht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Benjamin M. Darrow, Self-Represented, Missoula, Montana

      For Appellees:

            Peter Michael Meloy, Meloy Law Firm, Helena, Montana

                         Submitted on Briefs:  September 15, 2021

                                    Decided:  November 2, 2021

Filed:

                _____
                              Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Benjamin Darrow appeals the Fourth Judicial District Court's dismissal of his claims against the Missoula County Democratic Central Committee ("the MCDCC") and former Committee Chair David Kendall for open meeting violations, passing illegal rules, retaliation, and official misconduct. Darrow contends that his complaint is well-pleaded and that the District Court therefore erroneously dismissed his claims under M. R. Civ. P. 12(b)(6). We affirm.

¶3 Benjamin Darrow is a member of the MCDCC, elected by precinct. It appears a dispute arose between Darrow and Kendall because of a conflict among two precinct committee members and Kendall's handling of the situation. The dispute came to a head in January 2019, when Darrow filed a complaint and request for an emergency injunction against the MCDCC Executive Board and Kendall individually and in his official capacity as chair. Darrow's complaint alleged ongoing open meeting violations, that the MCDCC had passed illegal rules, and retaliation and official misconduct by Kendall. In March 2019, Darrow filed an Amended Complaint adding the MCDCC as a defendant and alleging an open meeting violation at the MCDCC's January 8, 2019 meeting. The MCDCC and

2

Kendall moved to dismiss Darrow's Amended Complaint under Rule 12(b)(6) for failure to state a claim upon which relief could be granted.

¶4 After a series of judicial recusals and substitutions, the Honorable Judge Recht assumed jurisdiction and granted the MCDCC and Kendall's Rule 12(b)(6) motion to dismiss Darrow's Amended Complaint. Darrow appeals.

¶5 "We review de novo a district court's ruling on a M. R. Civ. P. 12(b) motion to dismiss." *Plakorus v. Univ. of Mont.*, 2020 MT 312, ¶ 8, 402 Mont. 263, 477 P.3d 311 (citation and quotation omitted). We review a district court's conclusions of law for correctness. *Plakorus*, ¶ 8. "A complaint fails to state a claim pursuant to M. R. Civ. P. 12(b)(6) if the plaintiff would not be entitled to relief based on any set of facts that could be proven to support the claim." *Plakorus*, ¶ 8 (citation and internal quotations omitted). When reviewing a district court's dismissal pursuant to Rule 12(b)(6), we construe "all well-pled allegations and facts" as true and in the "light most favorable to the plaintiff." *Scheafer v. Safeco Ins. Co.*, 2014 MT 73, ¶ 14, 374 Mont. 278, 320 P.3d 967.

¶6 Darrow pleaded three counts in his Amended Complaint. Count I alleges ongoing open meeting violations by the MCDCC and Kendall. Count II alleges that rules passed by the MCDCC are contrary to state law and the Montana Democratic Party's (MDP) rules. Finally, Count III alleges that Kendall retaliated against Darrow and others and that Kendall committed official misconduct. In his prayer for relief, Darrow seeks orders requiring the MCDCC to follow open meeting laws and voiding any action taken or rules passed in violation of open meeting laws, a court-ordered admission by Kendall acknowledging

3

"the illegal activity of the MCDCC," punitive damages, costs and fees, and an injunction enjoining the MCDCC from implementing rules he asserts violate Montana law and the Montana Constitution.

¶7 Relying solely on the factual allegations and these claims, the District Court, in a November 23, 2020 order, concluded that "[a]ll of the relief sought by Darrow is prospective and contemplates the prevention of these things occurring in the future. As such, there is no actual justiciable controversy. Accordingly, Darrow's [Amended Complaint] fails to state a claim upon which relief can be granted." As for Darrow's claims against Kendall, the court held that Kendall, as a public officer of the MCDCC, was sued for actions taken in the course and scope of his official duties, and he thus was immune from suit under § 2-9-305, MCA. The court further held that the allegations in Count III stated a claim for fraud and were insufficiently pleaded under M. R. Civ. P. 9(b).

¶8 On appeal, Darrow asserts that his claims, as pleaded in the Amended Complaint and taken as true, are actionable under Montana law, and the District Court erred in granting the MCDCC and Kendall's motion to dismiss.

Claims against MCDCC

¶9 Darrow first argues that his Amended Complaint properly stated a claim of an open meeting violation, and, accordingly, the District Court should have voided the alternate voting rule that emanated from the December 2018 and January 2019 meetings under § 2-3-213, MCA.

¶10 To survive a motion to dismiss, a complaint must "state a cognizable legal theory," and "sufficient facts, that if true, would entitle the claimant to relief under the claim." *Anderson v. ReconTrust Co., N.A.*, 2017 MT 313, ¶ 8, 390 Mont. 12, 407 P.3d 692 (citations omitted). "The liberal notice pleading requirements" of Rules 8(a) and 12(b)(6) do not "'excuse omission of that which is material and necessary in order to entitle relief,' and the 'complaint must state something more than facts which, at most, would breed only a suspicion' that the claimant may be entitled to relief." *Anderson*, ¶ 8 (citing *Jones v. Mont. Univ. Sys.*, 2007 MT 82, ¶ 42, 337 Mont. 1, 155 P.3d 1247) (additional citations omitted). Under § 2-3-203, MCA, all meetings of a public body must be open to the public. If a public body violates § 2-3-203, MCA, a person may file suit, and any decision made at the meeting "may be declared void by a district court having jurisdiction." Section 2-3-213, MCA.

¶11 Darrow's Amended Complaint alleges that the Executive Board's December 2018 meeting violated § 2-3-203, MCA, because the meeting was held in "secret." At that meeting, the Executive Board, according to Darrow, passed a "resolution" to present a rule to the MCDCC that would allow for alternate committee members to vote. Darrow does not allege that the Executive Board's "resolution" altered the rights of any MCDCC member. Accordingly, if the December 2018 meeting did violate open meeting laws as Darrow alleges, there was no action taken by the Executive Board at that meeting that could be voided under § 2-3-213, MCA.

5

¶12 The MCDCC passed the alternate voting rule at its January 8, 2019 meeting. Darrow argues the rule should be voided under § 2-3-213, MCA, because the meeting was improperly noticed under the MCDCC's rules. Although Darrow filed his Complaint on January 17, 2019—over a week after the MCDCC's January meeting—he did not include any allegations about that meeting. He raises the issue of improper notice in his Amended Complaint; the Amended Complaint, however, was not filed until March 29, 2019. By then, any claim to void actions taken at the January meeting came too late. *See* § 2-3-213, MCA, (requiring suit "within 30 days of the date on which the plaintiff . . . learns, or reasonably should have learned, of the agency's decision."). Darrow was present at the January 8, 2019 MCDCC meeting and was aware of the passage of the alternate voting rule that day. Accordingly, because no voidable rule resulted from the December 2018 meeting, and because Darrow's Amended Complaint was untimely as to the January 2019 meeting, the District Court did not err in dismissing Counts I and II of Darrow's Amended Complaint.

¶13 Darrow argues next that the District Court erred in granting the MCDCC and Kendall's motion to dismiss because his requests for prospective and injunctive relief present a justiciable issue. He contends that the requested prospective relief is proper because it would prohibit the MCDCC from passing unlawful rules that violate Darrow's rights as an elected precinct committee member. In response, Kendall and the MCDCC assert that the District Court cannot award the prospective or injunctive relief Darrow seeks, and as such, his Amended Complaint properly was dismissed for failing to state a claim upon which relief can be granted.

¶14　The existence of a justiciable controversy is a threshold requirement to a court's adjudication of a dispute. *Havre Daily News, LLC v. City of Havre*, 2006 MT 215, ¶ 18, 333 Mont. 331, 142 P.3d 864 (citation omitted). A case is justiciable if it presents issues that are ripe for determination, not merely speculative or hypothetical. *Mont. Power Co. v. Mont. Pub. Serv. Comm'n.*, 2001 MT 102, ¶ 32, 305 Mont. 260, 26 P.3d 91. A justiciable controversy exists under the following circumstances:

> (1) the parties have existing and genuine, as distinguished from theoretical, rights or interests; (2) the controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument invoking a purely political, administrative, philosophical or academic conclusion; and (3) there must be a controversy the judicial determination of which will have the effect of a final judgment in law or decree in equity upon the rights, status or legal relationships of one or more of the real parties in interest, or lacking these qualities be of such overriding public moment as to constitute the legal equivalent of all of them.

*Montana-Dakota Utils. Co. v. City of Billings*, 2003 MT 332, ¶ 9, 318 Mont. 407, 80 P.3d 1247.

¶15　Cases brought under Montana's right to know, open meetings, and open records laws are fact-intensive and require a fact-specific constitutional balancing test. *Havre Daily News*, ¶ 24. In *Havre Daily News*, we affirmed the district court's denial of a newspaper's request for prospective relief that would require the Havre Police Department to implement a policy of immediately disseminating police incident reports and related materials upon request. We held that "[p]rospective relief [was] inappropriate because each of [the three determinations necessary in the justiciability analysis] necessarily involves a factually specific inquiry, which 'requires this Court to balance the competing constitutional interests

7

in the context of the facts of each case.'" *Havre Daily News*, ¶ 24 (citing *Missoulian v. Bd. of Regents of Higher Educ.*, 207 Mont. 513, 529, 675 P.2d 962, 971 (1984)).

¶16     Here, Darrow seeks orders permitting audio and video recording at all future public meetings, prohibiting retaliation against Darrow and others, and voiding all future rules, votes, or actions by the MCDCC emanating from meetings held in violation of open meeting laws. Darrow essentially seeks an anticipatory ruling directing the MCDCC to comply with the law in its future meetings and decisions. Like the relief sought in *Havre Daily News*, prospective relief is inappropriate here because it would frustrate the court's ability to conduct a fact-specific constitutional balancing test. If the MCDCC violates a person's right to know or right to participate, the person may seek relief under §§ 2-3-114 and -213, MCA, for those violations.

¶17     Darrow seeks a preliminary injunction enjoining the MCDCC from implementing rules that conflict with Montana law, the Montana Constitution, and MDP rules. In seeking a preliminary injunction, a party must demonstrate "a prima facie case" that it is entitled to relief under § 27-19-201, MCA. *Weems v. State*, 2019 MT 98, ¶ 18, 395 Mont. 350, 440 P.3d 4 (citation omitted). Darrow's Amended Complaint fails to do so, and as such, he is not entitled to a hearing on his request.

Claims against Kendall

¶18     Next, Darrow argues that Kendall is not immune from suit under § 2-9-305, MCA, because he alleged Kendall retaliated against him in violation of § 2-2-145, MCA, and committed official misconduct in violation of § 45-7-401, MCA. Darrow asserts further

8

that his Amended Complaint does not allege a claim of fraud against Kendall, and thus, Count III should not be subject to the heightened pleading standard of Rule 9(b). Kendall responds that he, in his official capacity, is not a proper defendant because he was neither a member nor the chair of the MCDCC when Darrow served his complaint. Kendall asserts that he is immune from the individual capacity claims under § 2-9-305, MCA, because he is an elected officer. He maintains that Darrow's Amended Complaint states an insufficiently pled claim of fraud.

*Claims against Kendall in his Official Capacity*

¶19 An official capacity claim does not provide for personal liability against a public official, and it is duplicative of claims against the public entity being sued. *Germann v. Stephens*, 2006 MT 130, ¶¶ 38-39, 332 Mont. 303, 137 P.3d 545. Darrow's official capacity claim against Kendall fails to state a claim upon which the District Court could grant relief. Further, Darrow does not dispute that Kendall no longer served as the chair of the MCDCC when he was served, so he cannot be sued in his official capacity as chair.

*Claims against Kendall in his Individual Capacity*

¶20 Public officers and employees are immune and entitled to defense and indemnification by the government entity when they are sued in an individual capacity for actions taken within the course and scope of the person's employment. Section 2-9-305(1)-(2), MCA. Elected officials are employees and thus protected under § 2-9-305, MCA. Section 2-9-101(2)(a), MCA. Section 2-9-305, MCA, does not provide immunity, defense, or indemnification when a judicial determination has been made

9

that: (1) the conduct of the employee upon which the claim is based constitutes oppression, fraud, or malice, or for any other reason does not arise out of the course and scope of the employee's employment, or (2) the conduct of the employee constitutes a criminal offense under Title 45, chapters 4 through 7. Section 2-9-305(6)(a)-(b), MCA.

¶21 Darrow claims that § 2-9-305, MCA, does not provide Kendall immunity because Darrow pleaded retaliation and official misconduct in his Amended Complaint. He asserts that Kendall unlawfully retaliated against Darrow and others in violation of § 2-2-145, MCA, which makes it "unlawful for a . . . public officer[ ] or public employee to retaliate against, or to condone or threaten retaliation against, an individual who, in good faith, alleges waste, fraud, or abuse." Section 2-2-145(1), MCA. Contrary to what Darrow asserts, an allegation of retaliation does not automatically remove the protections of § 2-9-305, MCA. If the alleged retaliation arises out of the course and scope of the public employee's employment, § 2-9-305, MCA, continues to apply. Section 2-2-145(2), MCA.

¶22 Darrow alleges that Kendall, as chair of the MCDCC, retaliated against Darrow and others for their efforts to record public meetings. Kendall, according to Darrow, "knowingly conduct[ed] meetings in violation of" § 2-3-203, MCA, and engaged in numerous fraudulent activities as chair. To the extent that Darrow's Amended Complaint alleges Kendall retaliated against committee members during the course and scope of his official duties as chair, Kendall is immune under § 2-9-305, MCA.

¶23 To the extent that Darrow's Amended Complaint alleges Kendall engaged in fraud or retaliated outside the course and scope of his official duties as chair, Darrow has failed

10

to meet the requisite pleading standard set out in Rule 9(b).  Rule 9(b) requires all allegations of fraud to be pleaded with particularity.  To comply with Rule 9(b), a claim of fraud

> must allege, with particularity, facts to support the following nine elements of fraud: (1) a representation; (2) the falsity of the representation; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be relied on; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation; (8) the hearer's right to rely on the representation; and (9) consequent and proximate injury caused by reliance of the representation.

*C. Haydon Ltd. v. Mont. Mining Properties*, 262 Mont. 321, 325, 864 P.2d 1253, 1256 (1993) (citation omitted).

¶24 Darrow argues his Amended Complaint does not allege fraud "because Kendall was not . . . using fraud for financial gain."  Count III of the Amended Complaint, however, asserts that the "Defendants['] *fraud* included performing fraudulent mediations" and that "Kendall's *fraud* also includes campaign finance violations, violations of an order of protection, retaliation against other members, and misuse of the funds of the MCDCC." (Emphasis added).  Despite how Darrow attempts to re-characterize Count III, the claims, on their face, assert a claim for fraud.  Further, even if Count III solely makes out a claim for retaliation by Kendall as Darrow asserts, § 2-2-145, MCA, requires a party claiming retaliation to show he or she "allege[d] waste, fraud, or abuse" and was retaliated against as a result.  Section 2-2-145(1), MCA.  The Amended Complaint does not allege waste or abuse; therefore, Darrow must have demonstrated that he alleged fraud to Kendall and was retaliated against as a result.  In either case, the Amended Complaint fails to plead fraud with particularity as required by Rule 9(b).

11

¶25 Darrow's Amended Complaint alleges that Kendall's actions constitute official misconduct in violation of § 45-7-401(e), MCA. He asserts that Kendall cannot be immunized, defended, or indemnified under § 2-9-305(6)(b), MCA, because Kendall's conduct "constitutes a criminal offense as defined in Title 45, chapters 4 through 7." Section 2-9-305(6), MCA, however, requires a "judicial determination" that the employee's conduct constitutes a criminal offense. No such determination has been made here. Further, Darrow's Amended Complaint fails to plead sufficient facts alleging official misconduct to survive dismissal under Rule 12(b)(6). Because Darrow's Amended Complaint fails to state a claim upon which relief can be granted against Kendall in his official or individual capacity, we affirm the District Court's dismissal of Count III.

¶26 Finding these issues dispositive, we decline to address the remaining claims Darrow raises.

¶27 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. We affirm.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE